25644. BUCKHEAD GLASS COMPANY v. TAYLOR.

ARGUED MARCH 11, 1970—DECIDED APRIL 9, 1970.

*Jones, Bird & Howell, Peyton S. Hawes, Jr.*, for appellant.

*B. Hugh Ansley*, for appellee.

ALMAND, Chief Justice: Mary Taylor, in her complaint filed in January, 1967, sought to recover damages for alleged personal injuries arising out of a collision between a bus of the defendant Atlanta Transit Company in which she was a passenger, and a truck of the Buckhead Glass Company, also a defendant. She

subsequently dismissed the Atlanta Transit Company as a party defendant.

Among the allegations of negligence as to the remaining defendant was that in operating its pick-up truck "the same not being equipped with brakes adequate to control the movement of and to stop and hold such vehicle in violation of Georgia Code Section 68-1715 (a), (Ga. L. 1953, Nov. Sess., p. 556) same constituted negligence per se." This allegation was denied by the Glass Company in its answer. By amendment to its answer it was alleged: "By way of further answer, this defendant shows that immediately prior to the collision in question, its employee applied the brakes to the 1961 pick-up truck being driven by him. That the brake pedal of the aforesaid vehicle went entirely to the floor of the vehicle and the brakes failed to either stop or slow the vehicle in any way, causing it to collide with the bus which had stopped in the lane of traffic directly in front of the truck being operated by the defendant's employee. That the defendant's employee had driven the aforesaid truck approximately 2 miles on the morning in question and had applied the brakes on a number of occasions and on each occasion prior to the collision found the brakes to be in good and adequate working condition. That this defendant's employee could have avoided the collision had not the brakes on the pick-up truck suddenly and without warning failed to hold. That the collision which is the subject matter of this action was not caused by any negligence of this defendant's employee but rather was an 'unavoidable accident' as defined by the laws of the State of Georgia."

On the trial of the case at the close of the evidence the plaintiff moved for a directed verdict in her favor as to liability. The motion was overruled. The jury rendered a verdict in favor of the defendant. The plaintiff's motion for a new trial and in the alternative a judgment in her favor notwithstanding the verdict was overruled. On the appeal to the Court of Appeals the order of the trial judge in refusing to direct a verdict in favor of the plaintiff as to liability was reversed. 120 Ga. App. 663 (171 SE2d 779). It was there ruled: "Since the defendant failed to prove that it was free from negligence in maintaining

admittedly defective brakes which caused the collision, the trial judge erred in failing to direct a verdict for the plaintiff as to negligence."

The Buckhead Glass Company, assigning error on this ruling, filed its application for the writ of certiorari which we granted.

For the reasons given below we reverse.

■ Questions of diligence and what negligence constituted the proximate cause of the injury complained of in this case, were questions peculiarly for the jury. *McCurry v. Moffett*, 80 Ga. App. 761 (57 SE2d 451). Even where the plaintiff relies for recovery on grounds of negligence per se it is ordinarily a jury question as to whether or not such negligence was the proximate cause of the injury. *Lane v. Varner*, 89 Ga. App. 47 (2b) (78 SE2d 528). In this case it was held: "A jury question was presented by the evidence, as to whether the defendant drove the automobile in such a manner as to constitute a violation of the South Carolina statute which was pleaded by the plaintiff as the basis for his recovery, or whether the action of a dog in jumping toward the defendant brought about the occurrence instead of the negligence of the defendant. The jury might also have found that the automobile was operated in violation of the South Carolina statute, and that this was brought about by the action of the dog in jumping toward the defendant driver, and still find that the latter was so negligent as to authorize a recovery, it being a jury question as to whether or not this would constitute a proper excuse for the defendant's failure to drive the automobile in accordance with statutory provisions. Accordingly, a proper charge on the law of misfortune and accident as a defense would not be erroneous." The court in the instant case charged the jury on accident and misfortune.

■ One of the questions under the evidence before the jury was: Did the plaintiff receive the injuries complained of by her by reason of defendant's truck striking the rear end of the bus on which she was then riding? She testified that the striking of the bus by the truck knocked her down and she sustained injuries to her head, neck and back. No other person testified that she or anyone else was knocked down at that time. The bus driver testified that the impact of the pick-up truck was

slight and in interviewing the passengers on the bus no one complained to him of being bodily injured by the impact. The plaintiff, whose occupation was that of a maid, testified that she was unable to work after the occurrence for 8 weeks. Two witnesses for the defendant testified that the plaintiff worked for them as a house maid during this 8-week period and she made no complaint of being injured or unwell. William Barnes, Claims Manager for the Atlanta Transit Company, testified that the plaintiff filed a claim for her alleged injury growing out of the collision with the pick-up truck in September, 1965. In his interview with the plaintiff and from the company's records he testified that the plaintiff made a claim against the company on April 14, 1964, in which she claimed to have received an injury to her back and she admitted to him "that she had a previous accident that happened the same way and that she still has a doctor bill from this accident." (R-97).

The credibility of the plaintiff as a witness was for the jury. The evidence as to whether the plaintiff received any injuries from the collision was in conflict. Under the evidence before the jury, even though they found the defendant to be guilty of negligence per se, they were authorized to find that the evidence was insufficient to show that the plaintiff had suffered any injuries from the collision. The refusal of the court to direct a verdict for the plaintiff as to liability, even if error, was harmless.

*The judgment of the Court of Appeals is reversed. All the Justices concur.*