45481.   McLARTY v. SHIRLEY.

BELL, Chief Judge. This is an action to recover damages for the

negligent construction of a roof on plaintiff's building which collapsed. The jury returned a verdict for defendant.

1. The evidence authorized the verdict.

2. It was alleged that defendant violated a part of the DeKalb County Building Code in constructing the roof and evidence in support of this was admitted. The trial court in its instructions correctly defined negligence per se; charged that if the jury found that the defendant violated the building code, he would be guilty of negligence per se; and if this negligence was the proximate cause of plaintiff's injury, plaintiff would be entitled to recover. The court then charged: "However, if you do not believe that the defendant was guilty of negligence as to any of the requirements of this ordinance just read to you, then you would not consider it in making up your verdict in this case." Exception was taken to this quoted portion of the charge. Plaintiff argues that the portion of the instruction excepted to required the jury to find that the defendant *negligently* violated the ordinance as opposed to the correct standard of a mere violation, placing an erroneous additional burden upon him and the jury. This portion of the charge when considered by itself may be susceptible to the construction placed upon it by plaintiff. However, when the whole charge on the subject is considered, we do not believe that the challenged portion misled the jury or that the plaintiff was harmed by it. *Big Apple Super Market v. W. J. Milner & Co.,* 111 Ga. App. 282 (141 SE2d 567).

3. A fire truck belonging to the City of Atlanta which had been bailed to the plaintiff for the purpose of rebuilding was damaged as a result of the collapse of the roof. The jury was charged that it would have to determine if there was any liability on the part of the plaintiff to the City of Atlanta for damages to the fire truck before the jury could award any sum to the plaintiff for this item; that as a mutual benefit bailment the plaintiff was required to exercise ordinary care for the item bailed and plaintiff's liability would not go beyond that point. This instruction is inappropriate insofar as the issues of this case are concerned. A bailee may bring an action against a stranger to recover for damages to bailed property, and he may

recover the full damages and hold the balance, beyond his special interest, for the bailor. *Cincinnati, N. O. &c. R. Co. v. Hilley,* 118 Ga. App. 293, 295 (163 SE2d 438). A determination as to liability as between the plaintiff, the bailee, and the bailor for the damage to the bailed property has no bearing and is not material to this case. The sole issue of liability here is between the plaintiff and defendant. However, this error does not require a reversal as we shall see.

In addition to the fire truck, plaintiff sought to recover for his own property which was damaged when the roof collapsed and based his entire case on the negligence of defendant in constructing the roof. The jury verdict in favor of the defendant necessarily amounts to a finding that the defendant was not negligent, or if negligent, his negligence was not the proximate cause of the damage to the property of plaintiff as well as the bailed fire truck. Consequently, as the charge referred to a collateral and immaterial matter to the basic issue of negligence of the defendant, it was harmless to plaintiff and could not have influenced the jury. A verdict finding no negligence on defendant's part where four separate items were damaged, would necessarily demonstrate that the jury could not have been influenced by the inappropriate instruction on one of the items of property damaged. No negligence as to one item under the facts of this case obviously means no negligence as to all the items of property damaged by the one occurrence. Furthermore, the error is also harmless for yet another reason. The instruction is pertinent to the measure of damages for in effect it states that if plaintiff exercised ordinary care or was not negligent in protecting the fire truck, he would not be liable to the bailor, and could not recover any damages for this item as a result of defendant's negligence. An error in the charge as to the measure of damages for plaintiff's recovery is harmless where the jury finds for the defendant. *McKinney v. Pitts,* 109 Ga. App. 866 (137 SE2d 571); *Baldwin Processing Co. v. Ga. Power Co.,* 112 Ga. App. 92 (7) (143 SE2d 761).

*Judgment affirmed. Quillian and Whitman, JJ., concur.*

ARGUED JULY 6, 1970—DECIDED OCTOBER 7, 1970—
REHEARING DENIED NOVEMBER 13, 1970—

O'Kelley, Hopkins & Van Gerpen, H. Lowell Hopkins, Benjamin Landy, for appellant.

Northcutt, Edwards, Doss & Germano, Ken Doss, for appellee.