CARPENTER v SCHOOL DISTRICT OF THE CITY OF FLINT

Docket No. 57498. Submitted February 9, 1982, at Lansing.—Decided April 23, 1982. Leave to appeal applied for.

Frank J. Carpenter was employed by the School District of the City of Flint. At the time of his death he had accumulated 267 days of unused sick and emergency leave. His widow, Helen B. Carpenter, sought payment of compensation for the unused leave. The union contract under which Mr. Carpenter was employed makes no provision regarding the effect of an employee's death on accumulated leave. Mrs. Carpenter brought an action in Genesee Circuit Court to enforce payment of the benefits. The court, Thomas C. Yeotis, J., ruled that a provision of the contract calling for payment for up to 120 days' benefits in the event of retirement should apply in the case of death, but that Mr. Carpenter had not met the qualifications for payment under the retirement provisions. Summary judgment was therefore entered in favor of the school district. Plaintiff appeals. *Held:*

1. Plaintiff argued that the wages and fringe benefits act mandated payment because withholding of the benefits was not specifically provided for by the union contract. However, the statutory provision regarding the withholding of fringe benefit payments is not applicable to a case where the employee dies.

2. The trial court's treatment of death as the equivalent of retirement is not supported by the plain language of the contract, and is clearly erroneous. However, because nothing in the contract requires payment to the plaintiff for her deceased husband's unused time, the grant of a summary judgment was correct, even if for the wrong reason.

Affirmed.

M. F. CAVANAGH, J., dissented. He would hold that the case

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Statutes §§ 145, 146, 272, 275.
[2] 53 Am Jur 2d, Master and Servant § 14 *et seq.*
[3] 48A Am Jur 2d, Labor and Labor Relations § 1834 *et seq.*
  53 Am Jur 2d, Master and Servant § 85.
[4] 5 Am Jur 2d, Appeal and Error §§ 727, 785.
[5] 17 Am Jur 2d, Contracts §§ 244, 245.

should be remanded to allow the parties the opportunity to supply the omitted contractual term, regarding a deceased employee, based upon the intent of the parties at the time the contract was made.

OPINION OF THE COURT

1. STATUTES — JUDICIAL CONSTRUCTION.
   The Court of Appeals will not interpret the terms of a statute which is unambiguous on its face; however, if an ambiguity exists the court must interpret the statute in a manner which gives effect to the intent of the Legislature.

2. LABOR RELATIONS — FRINGE BENEFITS — CONTRACTS.
   Payment by an employer of employee fringe benefits is to be controlled, for purposes of the wages and fringe benefits act, by a written employment contract or a written employment policy; the act governs only the time and manner of payment of fringe benefits due under the contract or policy (MCL 408.471[e], 408.473; MSA 17.277[1][e], 17.277[3]).

3. LABOR RELATIONS — FRINGE BENEFITS — TERMINATION OF EMPLOYMENT.
   Fringe benefits due an employee at termination of employment may not be withheld unless the employee freely consents to the withholding as evidenced by a written contract or a signed statement (MCL 408.484; MSA 17.277[4]).

4. APPEAL — RIGHT RESULT FOR WRONG REASON.
   A trial court may be affirmed on appeal where it reached the right result even though for the wrong reason.

DISSENT BY M. F. CAVANAGH, J.

5. CONTRACTS — MISSING CONTRACTUAL TERMS — INTENT OF PARTIES.
   *The parties to a contract should be allowed the opportunity to supply an omitted contractual term based upon their intent at the time the contract was made where the parties agree that a valid contract exists, that certain benefits accrued to one of the parties under the contract, and that the contract fails to provide for the disposition of those benefits in the event of the party's death.*

*Howard R. Grossman (Donald H. Robertson,* of counsel), for plaintiffs.

*John P. Siler,* for defendant.

Before: DANHOF, C.J., and M. F. CAVANAGH and
D. F. WALSH, JJ.

PER CURIAM. Plaintiff appeals as of right from a
grant of summary judgment entered in favor of
defendant.

The facts of this case are not at issue. Plaintiff is
the widow of Frank J. Carpenter who, prior to his
death in February of 1980, had been an employee
of defendant school district for over 33 years. At
the time of his death Mr. Carpenter was 53 years
of age. Under the terms of a master contract
between Service Employees International Union,
AFL-CIO, Local 591, and defendant school district,
Mr. Carpenter had accumulated, as of the date of
his death, approximately 267 days of unused sick
and emergency leave. There are no provisions in
the master contract specifically addressing the
effect the death of an employee has on accumu-
lated sick and emergency leave. However, para-
graph 15(e) of the contract does provide that upon
resignation or discharge of an employee accumu-
lated sick leave and emergency leave is forfeited.
Paragraph 15(e) further provides that a qualified
retiring employee may receive compensation for
up to 120 days of unused sick and emergency
leave.

Plaintiff's complaint alleged that under the pay-
ments of wages and fringe benefits act, MCL
408.471 *et seq.;* MSA 17.277(1) *et seq.,* she was
entitled to be compensated for the unused leave
her husband had accumulated prior to his death.
Defendant disagreed.

The parties submitted a stipulated statement of
facts and then cross-filed motions for summary
judgment under GCR 1963, 117.2(3). In her motion
for summary judgment plaintiff argued that her
husband's accumulated leave time was a fringe

benefit to which she was entitled since the master contract did not specifically state that this benefit was to be withheld upon an employee's death. Defendant agreed that the accumulated leave time was a fringe benefit within the meaning of § 1 of the act, MCL 408.471(e); MSA 17.277(1)(e), but argued that, since the master contract did not specifically provide for payment for the unused leave time upon an employee's death, plaintiff was not entitled to the same.

In its initial ruling the trial court found that paragraph 15(e) of the master contract should be applied when an employee dies in that "death is the ultimate retirement". However, since the parties had not submitted any proof as to whether plaintiff's husband met the necessary qualifications for payment of the benefits under § 15(e), the trial court denied both motions for summary judgment. Subsequently, defendant filed an affidavit to the effect that plaintiff's husband, at the time of his death, had not met the qualifications for payments under the retirement provisions of paragraph 15(e). The trial court agreed and entered summary judgment in favor of defendant. It is from this ruling which plaintiff appeals.

As she did before the trial court, plaintiff argues that § 4, MCL 408.474; MSA 17.277(4), of the wages and fringe benefits act mandates that fringe benefits, such as unused leave, cannot be withheld from her because the master contract did not specifically provide for such withholding.

Before we address the merits of plaintiff's arguments, we note that our review of the wages and fringe benefits act is governed by the traditional rules of statutory construction. Thus, if the statute is unambiguous on its face, we will avoid further interpretation of its terms. However, if an ambigu-

ity exists, it is our duty to give effect to the intent of the Legislature in enacting the statute. *Charter Twp of Pittsfield v City of Saline,* 103 Mich App 99, 104-105; 302 NW2d 608 (1981).

The wages and fringe benefits act indicates that payment of fringe benefits is controlled by the *written* employment contract or by a *written* policy. See MCL 408.471(e); MSA 17.277(1)(e) and MCL 408.473; MSA 17.277(3). The act does not make a contract for the parties as to which type of fringe benefits are due. Rather, the act governs the time and manner of payment of fringe benefits due under the contract. In order to provide for an expeditious settlement of a dispute regarding wages or fringe benefits the act also provides that disputes are to be handled, initially, by the Department of Labor.[1] MCL 408.481; MSA 17.277(11).

In our view the obvious goal of § 4 is to ensure that an employee entitled to compensation for fringe benefits at a termination of employment is not unjustly deprived of his compensation. Thus, fringe benefits due at termination of employment may not be withheld unless the employee freely consents to the withholding. Such consent must be evidenced by a written contract or a signed statement. Section 4 was not meant to address a situation where an employee entitled to fringe benefits dies. Thus, plaintiff's arguments as to § 4 are without merit.

Although § 4 is not meant to address disposition of fringe benefits in the event of an employee's death, § 10 is.

---

[1] Arguably, plaintiff should have filed a complaint with the Department of Labor rather than in circuit court. MCL 408.481; MSA 17.277(11). However, since plaintiff is not an "employee" within the meaning of the act, administrative review may not have been required as a prerequisite to judicial relief. In any case, we find that this issue has not been preserved for appellate review and therefore we decline to address it.

Section 10(1) indicates that where a written contract, written policy or written plan sets forth fringe benefits due a deceased employee and designates to whom and in what manner those fringe benefits are to be paid in the event of the employee's death, an employer must comply with the terms of the writing. Section 10(1) is obviously not applicable to the instant case since, as plaintiff admits on appeal, the written contract upon which she bases her claim does not specify that compensation for unused sick and emergency leave is to be paid to anyone in the event of an employee's death. Nor do we find that § 10(2) is helpful to plaintiff since that section is meant to address those situations where a written contract provides for fringe benefits to be paid in the event of an employee's death, but does not specify to whom the benefits are to be paid. In such an event, § 10(2) provides for payment in a manner similar to that which would occur under the rules of intestate succession. The other subsections of § 10 also are not relevant to the instant case.

In the instant case the trial court attempted to handle the absence of language in the contract as to plaintiff's entitlement to compensation for unused sick and emergency leave by finding that the retirement provision of paragraph 15(e) should be applied in the event of an employee's death. It is not clear from the record how the trial court arrived at this conclusion. There is no citation to any authority or any reference to a clause in the contract which would support the conclusion that death is to be treated as the equivalent of retirement. Because the trial court's interpretation of the contract is not supported by the plain language of the contract, we find it to be clearly erroneous.

However, as noted above, we also conclude that there is nothing in the contract or in the wages and fringe benefits act which requires defendant to compensate plaintiff for her deceased husband's unused sick and emergency leave. Thus, even though the trial court assigned the wrong reason, it reached the right result. Therefore, we affirm the grant of summary judgment entered in favor of defendant. See *Gilbert v Grand Trunk Western Railroad,* 95 Mich App 308, 315; 290 NW2d 426 (1980).

Affirmed. No costs, interpretation of a statute being involved.

M. F. Cavanagh, J. *(dissenting).* I cannot agree with the majority's disposition of this matter. The parties here involved do not dispute that a valid contract existed between plaintiff's husband and defendant. The parties also agree that under the contract plaintiff's husband had unused sick and emergency leave fringe benefits at the time of his death. Lastly, there is no dispute that the contract failed to provide for the disposition of those fringe benefits in the case of death.

While I agree that the trial court's ruling that the retirement provision should be applied in the case of death was clearly erroneous, I would remand to the trial court to allow the parties the opportunity to supply the omitted contractual term based upon the intent of the parties at the time the contract was made. See *Redinger v Standard Oil Co,* 6 Mich App 74; 148 NW2d 225 (1967), *Nichols v Seaks,* 296 Mich 154, 159; 295 NW 596 (1941).