SNEATH v POPIOLEK

Docket No. 68135. Submitted November 17, 1983, at Detroit.—Decided
June 4, 1984. Leave to appeal applied for.

Albert T. Sneath, Jr., and his wife, Vickey D. Sneath, were
seriously injured in an automobile accident involving their car
and one driven by Dwayne D. Popiolek. They brought a lawsuit
against Popiolek, Raymond Rosati, doing business as Ray's
Corner Store & Delicatessen, Goodyear Tire & Rubber Com-
pany, and Edwin Gregory in Macomb Circuit Court alleging
negligence on the parts of Popiolek, Gregory, and Goodyear and
a violation of the dramshop act on the part of defendant Rosati.
Plaintiffs' allegations against defendant Gregory, a minor and
passenger in the Popiolek vehicle at the time of the accident,
were that defendant Gregory unlawfully purchased, possessed,
transported, and consumed alcoholic beverages in a motor
vehicle in concert with defendant Popiolek and that he was
negligent in aiding and assisting Popiolek to do likewise. Defen-
dant Gregory moved for summary judgment on the ground that
plaintiffs had failed to state a cause of action against him
because the statutes relied upon by plaintiffs were applicable
only to the driver of a vehicle. The court, John G. Roskopp, J.,
granted defendant Gregory's motion for summary judgment.
Plaintiffs appeal. *Held:*

1. The statute which prohibits minor drivers from transport-
ing or possessing alcoholic beverages in a motor vehicle applies
only to the drivers of vehicles.

2. The other statutes relied upon by plaintiffs in their action

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 57 Am Jur 2d, Negligence § 238 *et seq.*
[2] 4 Am Jur 2d, Appeal and Error § 7.
[3] 40 Am Jur 2d, Highways, Streets, and Bridges § 578.
      57 Am Jur 2d, Negligence §§ 117-119.
[4] 7A Am Jur 2d, Automobiles and Highway Traffic § 311.
      Construction of statute or ordinance making it an offense to possess
      or have alcoholic beverages in opened package in motor vehicle.
      35 ALR3d 1418.
      Validity of statute or ordinance making it an offense to consume or
      have alcoholic beverages in open package in motor vehicle. 57
      ALR3d 1071.

against defendant Gregory unambiguously proscribe the consumption of all alcoholic liquor on the public highways and the transportation or possession in the passenger compartment of any alcoholic liquor which is open, uncapped, or upon which the seal is broken. Such prohibition applies to passengers as well as drivers of vehicles. An allegation based upon a violation of these statutes by a passenger in a motor vehicle is legally cognizable. Defendant Gregory was not entitled to judgment as a matter of law.

Reversed and remanded.

1. NEGLIGENCE — STATUTES — NEGLIGENCE PER SE.

Violation of a statute is per se negligence if the statute was intended to protect a class of persons, including the plaintiff in an action based on violation of the statute, from the type of harm which resulted from its violation.

2. STATUTES — JUDICIAL CONSTRUCTION.

Interpretation and construction of the terms of a statute is unnecessary when the statute is unambiguous on its face; where ambiguities exist, the Court of Appeals must give effect to the intention of the Legislature in enacting the statute.

3. INTOXICATING LIQUORS — AUTOMOBILES — INFANTS.

The section of the Michigan Liquor Control Act which prohibits minor drivers from transporting or possessing alcoholic beverages in a motor vehicle applies only to the drivers of vehicles, not the passengers (MCL 436.33[a]; MSA 18.1004[1]).

4. INTOXICATING LIQUORS — AUTOMOBILES.

The sections of the Michigan Liquor Control Act which proscribe the consumption of all alcoholic liquor on the public highways and the transportation or possession in the passenger compartment of any alcoholic liquor which is open, uncapped, or upon which the seal is broken apply to passengers in motor vehicles as well as to the drivers (MCL 436.34, 436.34[a]; MSA 18.1005, 18.1005[1]).

*Law Office of George J. Parish* (by *George J. Parish*), for plaintiff.

*Martin, Bacon & Martin, P.C.* (by *Stuart A. Fraser*), for defendant.

Before: WAHLS, P.J., and D. E. HOLBROOK, JR., and R. E. ROBINSON,* JJ.

WAHLS, P.J. Plaintiffs appeal as of right an order of the trial court which granted summary judgment in favor of defendant Edwin Gregory. Plaintiffs were severely injured in an automobile collision between their vehicle and one driven by defendant Dwayne Darrel Popiolek. Defendant Gregory was a passenger in the Popiolek vehicle. Plaintiffs brought a lawsuit alleging negligence on the part of defendants Popiolek, Gregory and Goodyear Tire & Rubber Company. Plaintiffs also brought an action under the dramshop act, MCL 436.22; MSA 18.993. The present appeal concerns only defendant Gregory.

The plaintiffs' allegations against defendant Gregory are set forth below:

"That defendant, Edwin Gregory, acted *[sic]* in concert with defendant, Dwayne Darrel Popiolek did possess and transport alcoholic beverages to a minor and did unlawfully purchase, consume and possess and transport alcoholic beverages in a motor vehicle while said party *[sic]* were minors contrary to MCL 436.33(a).

"That defendant, Edwin Gregory was further negligent in the premises in that he placed said alcoholic beverages in codefendant's vehicle and did allow the consumption therein whereby defendant, Dwayne Darrel Popiolek drove his motor vehicle in a reckless, wanton and careless manner thereby proximately causing or contributed to plaintiffs' injuries. That said defendant owed a duty to plaintiffs and to others to obey the statutory requirements and that said defendant did violate said statutes which placed alcoholic beverages into the stream of commerce to be used by codefendant, Dwayne Darrel Popiolek, and that such negligent acts were a direct and proximate or a proximate result of the ensuing collision and resulting serious injuries.

* Former circuit judge, sitting on the Court of Appeals by assignment.

"That defendant, Edwin Gregory, a minor, did unlawfully purchase alcoholic beverages and did negligently open and hand a can of beer or cause to be handed a can of beer to defendant, Dwayne Darrel Popiolek, a minor, who then consumed said beverage while operating a motor veicle on the highway and that said act was in violation of a statute, same being MCL 436.34; MSA 18.1005 and said violation was negligence per se.

"That defendant, Edwin Gregory, acted in a wilful, wanton and grossly negligent manner in providing said alcoholic beverages for use and consumption within a motor vehicle and on a public highway and that said act was intentional and constituted a violation of the common law applicable.

"That further, defendant, Edwin Gregory, did violate the statutory duty imposed upon him, contrary to MCL 436.34; MSA 18.1005 and MCL 436.34(a); MSA 18.1005(1) which was the proximate cause of plaintiffs' injuries and damages.

"That defendant, Edwin Gregory, did knowingly provide alcoholic beverages to the driver of a motor vehicle, which act was intentional and that he continued to act in concert with the operator of a motor vehicle on a public highway which action was negligence and a proxiamte cause of plaintiffs' injuries and damages."

Defendant Gregory made a motion for summary judgment based upon GCR 1963, 117.2(1). Defendant Gregory argued that the statutes relied upon by plaintiffs did not state a cause of action as to a passenger in a motor vehicle, but rather were applicable to the driver only. The trial court granted summary judgment on this basis. On appeal, plaintiffs argue that the allegations set forth in their complaint and amended complaint constitute a valid cause of action.[1] Plaintiffs argue that

---

[1] Plaintiffs also argue on appeal that § 141a of the Penal Code which makes it a misdemeanor to furnish alcoholic beverages to a minor provides a basis on which to sue defendant. However, this issue is not properly before this Court; plaintiffs did not raise the issue below. *Oakland County v Detroit,* 81 Mich App 308; 265 NW2d 130 (1978).

the statutes upon which they rely were enacted in an effort to protect the general public from personal injuries and that a violation of the statutes gives rise to a prima facie case of negligence.

It is well settled in this state that violation of a statute is per se negligence if the statute was intended to protect a class of persons, including the plaintiff from the type of harm which resulted from its violation. *Thaut v Finley (On Rehearing)*, 50 Mich App 611; 213 NW2d 820 (1973). *Lover v Sampson,* 44 Mich App 173; 205 NW2d 69 (1972). This Court has held that "statutes governing the use and consumption of alcoholic beverages" may provide the basis for a valid claim. *Lover v Sampson, supra,* pp 182-183. *Thaut v Finley, supra,* pp 612-613. The issue which is not settled, and which we must decide, is whether §§ 33a, 34 and 34a of the Michigan Liquor Control Act, MCL 436.1 *et seq.;* MSA 18.971 *et seq.,* form the basis for a cause of action when the alleged violator is a passenger rather than the operator of the motor vehicle.

Section 33a of the act provides:

"(1) A person less than 21 years of age shall not knowingly transport or possess, in a motor vehicle alcoholic liquor unless the person is employed by a licensee under this act, the liquor control commission, or an agent of the liquor control commission and is transporting or having the alcholic liquor in a motor vehicle under the person's control during regular working hours and in the course of the person's employment. A person who violates this subsection is guilty of a misdemeanor.

"(2) Within 30 days after the conviction of a person for the violation of subsection (1), which conviction has become final, complaint may be made by the arresting officer or the officer's superior before the court from which the warrant was issued, which complaint shall be under oath and shall contain a description of the motor

vehicle in which alcoholic liquor was possessed or transported by the person less than 21 years of age in committing the offense and praying that the motor vehicle be impounded as provided in this section. Upon the filing of the complaint the court shall issue an order to the owner of the motor vehicle to show cause why the motor vehicle shall not be impounded. The order to show cause shall have a date and time fixed in the order for a hearing, which date shall not be less than 10 days after the issuance of the order and shall be served by delivering a true copy to the owner not less than 3 full days before the date of hearing or, if the owner cannot be located, by sending a true copy by certified mail to the last known address of the owner. If the owner is a nonresident of the state, service may be made upon the secretary of state as provided in section 403 of Act No. 300 of the Public Acts of 1949, as amended, being section 257.403 of the Michigan Compiled Laws.

"(3) If the court determines upon the hearing of the order to show cause, from competent and relevant evidence, that at the time of the commission of the offense the motor vehicle was being driven by the person less than 21 years of age with the express or implied consent or knowledge of the owner, and that the use of the motor vehicle is not needed by the owner in the direct pursuit of the owner's employment or the actual operation of the owner's business, the court shall authorize the impounding of the vehicle for a period to be determined by the court, of not less than 15 days nor more than 30 days. The court's order authorizing the impounding of the vehicle shall authorize a law enforcement officer to take possession without other process of the motor vehicle wherever located and to store the vehicle in a public or private garage at the expense and risk of the owner of the vehicle. Appeal shall lie from the order to the circuit court of the county and the provisions governing the taking of appeals from judgments for damages shall be applicable to the appeal. This section shall not prevent a bona fide lienholder from exercising rights under a lien.

"(4) A person who knowingly transfers title to a motor vehicle for the purpose of avoiding this act is

guilty of a misdemeanor." MCL 436.33(a); MSA 18.1004(1).

In construing any statute, we are governed by traditional rules of construction. When a statute is unambiguous on its face, interpretation and construction of its terms are unnecessary. *Detroit v Redford Twp,* 253 Mich 453; 235 NW 217 (1931). *Carpenter v Flint School Dist,* 115 Mich App 683; 321 NW2d 772 (1982), *lv den* 417 Mich 868 (1983). However, if an ambiguity exists, this Court must give effect to the intention of the Legislature in enacting the statute. *Carpenter, supra,* pp 686-687.

We hold that § 33a of the Michigan Liquor Control Act applies only to the driver of a motor vehicle who knowingly transports or possesses alcoholic liquor. We find the provisions of the statute unambiguous. The Legislature intended to prevent minor drivers from transporting or possessing alcoholic beverages in a motor vehicle and further intended that any minors found in violation thereof would not only be punished as misdemeanants but would also risk having the motor vehicle impounded. A contrary reading of the statute would render subsections two and three of the section incongruous.

Sections 34 and 34a of the Michigan Liquor Control Act are set forth below:

"Sec. 34. No alcoholic liquor shall be consumed on the public highways. No alcoholic liquor, except beer and/or wine shall be consumed in public parks and places of amusement not licensed to sell for consumption on the premises." MCL 436.34; MSA 18.1005.

"Sec. 34a. A person shall not transport or possess any alcoholic liquor in a container which is open, uncapped, or upon which the seal is broken, within the passenger compartment of a vehicle on the highways of this state.

If the vehicle does not have a trunk or compartment separate from the passenger compartment, a container which is open, uncapped, or upon which the seal is broken shall be encased or enclosed.

"This section shall not apply to any chartered passenger vehicle licensed by the Michigan public service commission." MCL 436.34(a); MSA 18.1005(1).

Unlike § 33a, the foregoing provisions make no specific reference to the driver of a motor vehicle. Rather, the statute unambiguously proscribes the consumption of all alcoholic liquor on the public highways and the transportation or possession in the passenger compartment of any alcoholic liquor which is open, uncapped, or upon which the seal is broken. We hold that such a complete prohibition applies to a passenger as well as the operator of a motor vehicle. The acts enumerated above expose the general public to a risk of harm which is no less compelling when committed by a passenger in a motor vehicle. While that may also be true for § 33a, we find that the language of § 34a evinces an intent on the part of the Legislature to eliminate the very access one driving a motor vehicle may have to alcoholic beverages. This cannot be accomplished if a person travelling within the vehicle possesses open containers of alcoholic liquors, consuming it at his or her pleasure. The Legislature has deemed the highways and automobiles travelling thereon to be an improper and unsafe environment for the consumption of alcoholic beverages, and while willing to permit consumption of some alcoholic beverages in public parks and places of amusement, forbids the very possession of the same in the passenger compartment of motor vehicles. In our judgment, these provisions admit to only one interpretation. Therefore, an allegation based upon a violation of §§ 34

and 34a of the Michigan Liquor Control Act by a passenger in a motor vehicle is legally cognizable. Defendant was not entitled to judgment as a matter of law.

Accordingly, the summary judgment is reversed and the matter remanded for trial.