70955. MONTGOMERY WARD & COMPANY, INC. v. COOPER.
(339 SE2d 755)

SOGNIER, Judge.

Anna Cooper brought this action against Montgomery Ward & Co., Incorporated (Montgomery Ward) for personal injuries sustained when her ex-husband, Larry Cooper (Cooper), shot her with a pistol purchased from one of Montgomery Ward's stores. We granted Montgomery Ward's interlocutory appeal from the trial court's denial of its motion for summary judgment.

Cooper purchased the pistol from one of appellant's stores located in Columbus, Ga. and shot appellee later the same day. At that time, an ordinance was in effect in Columbus which stated, in part: "It shall be unlawful to sell or otherwise convey any handgun to any individual without a certificate from the chief of police, or his designee, stating that to the best of his knowledge the applicant is free of felony convictions. If said applicant is found to be free of felony convictions, the chief of police, or his designee must by law furnish applicant with such certificate at the end of three (3) days from the date

application is made. Under no circumstances is the chief of police, or his designee, to deny such certificate to any person at any time other than for reason of prior felony conviction." Sec. 14-64.1 (a), Code of Columbus, Ga. It is undisputed that Cooper did not have the certificate required by the Columbus ordinance when he purchased the gun from appellant.

1. Appellant contends the trial court erred by denying its motion for summary judgment because there is no genuine issue of material fact that it was not negligent in selling the pistol to Cooper. Appellee argues that appellant's violation of the Columbus ordinance constitutes negligence per se. "In determining whether the violation of the ordinance is negligence *per se* as to a particular person, it is necessary to examine the purpose of the ordinance and decide (1) whether the injured person falls within the class of persons it was intended to protect, and (2) whether the harm complained of was the harm it was intended to guard against. [Cit.]" *Rhodes v. Baker*, 116 Ga. App. 157, 160 (2b) (156 SE2d 545) (1967). In construing any statute, we must look " 'to the natural and most obvious import of [its] language,' " *Earth Mgt. v. Heard County*, 248 Ga. 442, 444 (2) (283 SE2d 455) (1981). The language of the Columbus ordinance reveals that its purpose is to prohibit the sale of handguns to convicted felons, thereby reducing the commission of crimes involving handguns by this potentially dangerous group. See *Decker v. Gibson Prods. Co.*, 679 F2d 212, 215-216 (11th Cir. 1982); see also *Spires v. Goldberg*, 26 Ga. App. 530, 537 (106 SE 585) (1921).

Thus, under *Rhodes*, supra, if Cooper was a convicted felon at the time of the sale and could not have obtained the requisite certificate, appellant was negligent per se in this case by selling the handgun to Cooper in violation of the ordinance because (1) appellee falls within the class of persons the Columbus ordinance was intended to protect (i.e., potential victims of criminal acts by convicted felons involving handguns), and (2) the harm complained of (i.e., injuries from a criminal shooting) was the harm the ordinance intended to guard against.

Nevertheless, appellant argues it was not negligent as a matter of law because at the time of the sale Cooper was licensed to carry a pistol pursuant to OCGA § 16-11-129. We do not agree with appellant's position that possession of a license under OCGA § 16-11-129 dispenses with the requirement that a certificate be obtained pursuant to the Columbus ordinance. Among the goals shared by the Columbus ordinance and OCGA § 16-11-129 is the reduction of the number of crimes involving handguns by convicted felons. However, the two statutes provide distinctly different methods of achieving that goal in that the former governs the sale of handguns and the latter regulates the carrying of handguns on an individual's person. Al-

though under OCGA § 16-11-129 a license to carry a pistol shall not be granted to persons convicted of certain felonies, OCGA § 16-11-129 (b) (2-3), and, once granted, such a license *may* be revoked on conviction of any felony, OCGA § 16-11-129 (e), a potential customer licensed to carry a handgun under OCGA § 16-11-129 could not obtain the required certificate under the Columbus ordinance had he committed a felony subsequent to the issuance of the OCGA § 16-11-129 license even though that license had not yet been revoked.

We also find no merit in appellee's argument that another purpose of the ordinance is to require a three-day "cooling off" period between an initial application to purchase a handgun and the actual sale. The ordinance unambiguously establishes that the chief of police must issue the required certificate no later than three days from the date of application. The language of the ordinance does not support appellee's argument that the chief of police must wait three days from the date of application before issuing the certificate. Therefore, we are precluded " 'from construing [the ordinance] according to what is supposed to be the legislative intent.' [Cit.]" *Atlanta &c. R. Co. v. Underwood,* 218 Ga. 193, 196 (2) (126 SE2d 785) (1962).

In the case at bar, the record is devoid of any evidence indicating whether or not Cooper had been convicted of a felony at the time of the sale. Therefore, the trial court did not err by denying appellant's motion for summary judgment because there is a question of fact whether appellant's violation of the Columbus ordinance is negligence per se as to appellee. See generally *Rhodes,* supra.

2. On remand, should appellant show that Cooper was not a convicted felon at the time of the sale, appellant would then be entitled to summary judgment because appellant's violation of the ordinance would not have been negligence per se as to appellee. See Division 1. However, because of the possibility that appellant might not meet that proof, we find it necessary to address appellant's contention that the trial court erred by denying its motion for summary judgment because even if it were negligent, there is no genuine issue of material fact that the sole proximate cause of appellee's injuries was the independent, intentional intervening act of a third party, Larry Cooper. "Generally, where there has intervened between the defendant's negligence and the injury an independent, illegal act of a third person producing the injury, and without which it would not have occurred, such independent criminal act should be treated as the proximate cause, insulating and excluding the negligence of the defendant. [Cits.] However, the above rule has been held inapplicable if the defendant (original wrongdoer) had reasonable grounds for apprehending that such criminal act would be committed. [Cits.] 'So far as scope of duty (or, as some courts put it, the relation of proximate cause) is concerned, it should make no difference whether the inter-

vening actor is negligent or intentional, or criminal. Even criminal conduct by others is often reasonably to be anticipated.' [Cits.]" *Warner v. Arnold*, 133 Ga. App. 174, 176-177 (210 SE2d 350) (1974). The very purpose of the Columbus ordinance militates against appellant's argument that Cooper's criminal shooting of appellee was unforeseeable. See *Decker*, supra at 215. Because appellant is not insulated from liability as a matter of law, the question of proximate cause must be determined by the jury and the trial court did not err by denying appellant's motion for summary judgment in this regard. See *Northwestern &c. Ins. Co. v. McGivern*, 132 Ga. App. 297, 301 (2) (208 SE2d 258) (1974); *Buckhead Glass v. Taylor*, 226 Ga. 247, 249 (1) (174 SE2d 568) (1970).

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED JANUARY 7, 1986 —
REHEARINGS DENIED JANUARY 23, 1986 —

*Robert C. Martin, Jr.*, for appellant.
*Douglas L. Breault*, for appellee.