A95A0758. FLORENCE et al. v. KNIGHT et al.

(459 SE2d 436)

ANDREWS, Judge.

On May 12, 1993, Christy and Ronald Florence filed an action for personal injuries against Knight Development and against Gary and John Knight, individually and as partners of Knight Development. The complaint alleged that in March 1988, the Florences bought their residence, which was constructed by the defendants in August 1986. The complaint stated that though the defendants constructed the residence with the heating and air conditioning unit in the attic, they did not construct a solid flooring surface or passageway from the attic entrance to the HVAC unit. Moreover, they contended, the defendants covered the entire attic floor with "blown" insulation, which concealed the floor. The complaint also charged that the defendants failed to install an electrical outlet or lighting fixture near the attic entrance. According to the plaintiffs, these design problems constituted a latent construction defect.

The complaint further stated that on May 14, 1991, Christy Florence, while trying to change the heating/air conditioning filter, stepped onto blown insulation and fell through the attic floor. The Florences claimed that the latent defects constituted negligence for which defendants were liable. Moreover, they claimed that the conditions violated the local county building codes and constituted negligence per se. The complaint also contained a count for gross negligence and a count, which was subsequently dismissed, for fraud and concealment.

Defendants/appellees filed a motion for summary judgment, arguing that the Florences had failed to establish a latent construction defect. They argued that the allegedly defective conditions on the property were not hidden and that the five-year period preceding Ms. Florence's accident had passed without incident despite the fact that Mr. Florence had changed the filter. The defendants also argued that negligence in the context of construction defects is measured by a failure to adhere to the established and accepted standards of professional care in the community and that violation of the building codes did not constitute negligence per se.

With the motion, defendants filed the affidavit of John Perry Knight, which stated that Knight Development was unaware of any construction defects on the property. Knight also avowed that Knight Development sold the property to the Coopers and that no representations regarding the property were made to the Florences. The Florences responded to the motion, including a copy of the property inspection report and applicable sections of the building code which were allegedly violated.

The state court granted the motion, and this appeal followed. In

two enumerations of error, the Florences claim that the court erred in granting the motion and in concluding that no factual issues remained. They argue that the attic concealed latent building construction defects of which they were unaware and that these defects were not discoverable in the exercise of ordinary care because of the fact that the "blown" insulation and lack of an electrical outlet made inspection difficult. The Florences also contend that the violations of the building code constituted negligence per se.

We find no merit to these arguments for a number of reasons. First, it defies logic to argue that the lack of an electrical outlet is somehow a *latent* defect. Similarly, the presence of blown insulation on the attic floor was not, as plaintiffs contend, a signal to plaintiffs regarding the structure of the floor beneath. The fact that the attic was not "defective" is supported by the fact that no incidents had occurred in the attic for five years, although the filter had been changed several times. Moreover, a plaintiff may not recover for injuries caused by building construction defects which were discoverable upon reasonable inspection. See generally *Derryberry v. Robinson*, 154 Ga. App. 694 (2) (269 SE2d 525) (1980); *Worthey v. Holmes*, 249 Ga. 104 (287 SE2d 9) (1982). Ms. Florence had an obligation to exercise ordinary care for her own safety. Her failure to do so bars this action. See generally *Sullivan v. Quisc, Inc.*, 207 Ga. App. 114 (427 SE2d 86) (1993).

Moreover, even assuming arguendo that the construction of the attic was defective, "a seller-builder of homes and other structures is not liable for damages resulting from negligent construction absent fraudulent concealment, not applicable here. [Cit.]" *Joel Properties v. Reed*, 203 Ga. App. 257, 259 (1) (416 SE2d 570) (1992). This rule would apply even more to this situation in which another party, the Coopers, originally bought the home from the defendants and later sold it to the Florences.

The dissent's focus on the alleged violation of the local building code does not alter the analysis of this case. See generally *Culberson v. Lanier*, 216 Ga. App. 686 (1) (455 SE2d 385) (1995). Negligence per se is not liability per se. See generally *Biggs v. Long*, 212 Ga. App. 195, 199, n. 4 (441 SE2d 677) (1994). "Negligence, it should be remembered, is in itself [only] one of the essential elements prerequisite to a cause of action in a given case." *Platt v. Southern Photo Material Co.*, 4 Ga. App. 159, 163 (60 SE 1068) (1908). "Even if plaintiff[s] could show that the [lack of a walkway and accessible lighting in the attic] was negligence per se as a violation of the building code, [they] would nevertheless be precluded from recovering because of the equal knowledge rule." *Sullivan v. Quisc, Inc.*, supra at 116. Here the absence of the element of proximate cause, regardless of any building code infractions, is fatal to the Florences' claims.

*Judgment affirmed. Beasley, C. J., Birdsong, P. J., Johnson, Blackburn, Smith and Ruffin, JJ., concur. McMurray, P. J., and Pope, P. J., dissent.*

McMURRAY, Presiding Judge, dissenting.

I, respectfully, dissent as I cannot concur in the majority's assessment that defendants' omissions were so benign, and that Christy Florence's inadvertence so plain, palpable and undisputed that her actions in going to the attic to perform routine home maintenance were (as a matter of law) the sole proximate cause of her fall. Further, it is my view that the majority's reference to builder's liability for negligent construction has little (if anything) to do with the viability of the Florences' claims against defendants. The thrust of the Florences' complaint is not simply negligent construction, it is that defendants' failure (either intentionally or otherwise) to build their home within municipally prescribed safety standards was a proximate cause of Christy Florence's fall, i.e., negligence per se.

" 'In determining whether the violation of [a building code standard, as adopted by municipal] ordinance[,] is negligence per se as to a particular person, it is necessary to examine the purpose of the ordinance and decide (1) whether the injured person falls within the class of persons it was intended to protect, and (2) whether the harm complained of was the harm it was intended to guard against. (Cit.)' *Rhodes v. Baker*, 116 Ga. App. 157, 160 (2b) (156 SE2d 545) (1967)." *Montgomery Ward & Co. v. Cooper*, 177 Ga. App. 540, 541 (1) (339 SE2d 755). See *McLarty v. Shirley*, 122 Ga. App. 786, 787 (2) (178 SE2d 753). In the case sub judice, the local building code standards defendants failed to follow require an unobstructed walkway to any "furnace" located in the attic of a home and accessible lighting within reach of the entrance to the attic. Considering the high likelihood that most "furnaces" require routine maintenance and the fact that most attics are shadowy places which often cast an appearance (at least to the untrained eye) that the ceilings below are strong enough to support great weight, it is obvious that the intended purpose of the building code provisions defendants violated is to protect homeowners such as the Florences against the type of occurrence which forms the basis of the case sub judice. See *McLarty v. Shirley*, supra at 787 (2). Indeed, I see no reason for Clayton County officials to adopt such specific building standards unless these flooring and lighting requirements were to protect homeowners from the risk of injury while performing routine home maintenance. The only question remaining is whether defendants' omissions were a proximate cause of the Florences' damages.

"[W]here the plaintiff relies for recovery on grounds of negligence per se[,] it is ordinarily a jury question as to whether or not [violation

of an underlying ordinance, statute or governmental regulation] was the proximate cause of the injury. *Lane v. Varner*, 89 Ga. App. 47 (2b) (78 SE2d 528)." *Buckhead Glass Co. v. Taylor*, 226 Ga. 247, 249 (1) (174 SE2d 568). In fact, except in "plain, palpable and undisputed cases where reasonable minds cannot differ as to the conclusions to be reached, questions of negligence, proximate cause, including the related issues of foreseeability, assumption of risk, lack of ordinary care for one's own safety, lack of ordinary care in avoiding the consequences of another's negligence, contributory and comparative negligence are for the jury. [Cits.]" *Wade v. Mitchell*, 206 Ga. App. 265, 268 (4) (424 SE2d 810). In the case sub judice, defendants not only failed to provide flooring and lighting as required by the local building code, these omissions were masked under piles of insulation and the cover of darkness. Further, contrary to the perception conveyed in the majority opinion, it is unrefuted that Christy Florence had never before been to the attic of her home to change the heating and air conditioning filter. In fact, there is no indication that Christy Florence was warned of dangers associated with changing the heating and air conditioning filter in her home and there is no proof that she was familiar with the structural frailty of the deceptively strong appearance of the unfloored dormer in her home. It is my view that these circumstances, along with other facts and inferences drawn from the record, raise genuine issues of material fact as to the proximate cause of the Florences' damages. To say otherwise, not only ignores the venerable common law principle that matters of contributory negligence and proximate cause are almost always for the jury, *Wade v. Mitchell*, supra at 268 (4), but also fails to acknowledge that the policy behind the "superior knowledge" doctrine does not apply in cases where a third person creates a dangerous condition on the property of another. *Girone v. City of Winder*, 215 Ga. App. 822, 824 (2) (452 SE2d 794).

I am authorized to state that Presiding Judge Pope joins in this dissent.

DECIDED JUNE 21, 1995 —
RECONSIDERATION DENIED JULY 12, 1995 —

*Edward J. Bauer, Charles F. Peebles*, for appellants.
*Swift, Currie, McGhee & Hiers, Sybil C. Hadley, Jonathon E. White*, for appellees.