### A99A1173. BOYER v. BROWN.
(522 SE2d 692)

MILLER, Judge.

Jennifer Boyer sued Judy Brown for damages caused by a collision between their two cars at an intersection controlled by a stoplight. Each maintained the other ran the red light. On grounds of relevancy, Boyer moved in limine to exclude evidence that she had been holding a glass of wine at the time of the collision. She argued no evidence showed that she was intoxicated at the time of the collision or that the glass of wine was linked to the cause of the collision. The court denied the motion and, over Boyer's objection, instructed the jury that a violation of Georgia's "Open Container" law (OCGA § 40-6-253) constituted negligence per se.

Following a defense verdict, Boyer appealed, enumerating as error the admission of the evidence related to the glass of wine and the giving of the "Open Container" charge to the jury. We discern no error.

1. The court did not abuse its discretion in admitting the evidence regarding the glass of wine. The evidence consisted of testi-

mony and exhibits that (i) a wet spot smelling like alcohol was located just outside the driver's door of Boyer's car, (ii) pieces of a broken wine glass were found on the dashboard, speedometer, and driver's side floor of Boyer's car, (iii) Boyer's left hand was cut in the incident even though no other broken glass resulted, and (iv) wine was splattered on the windshield, steering column, driver's side door and window, and the gear shift of Boyer's vehicle. Boyer flatly denied having any wine in the car or holding the wine glass, maintaining instead that the wine glass had been empty and sitting in the vehicle's cupholder to the right side of the driver's seat at the time of the collision.

"The trial court has great discretion to determine relevancy and materiality of evidence, and admission is favored in doubtful cases." (Citation and punctuation omitted.) *Holman v. State*, 236 Ga. App. 111, 114 (3) (511 SE2d 240) (1999). Here the trial court could find the evidence relevant for two reasons. First, holding a glass of wine while driving could increase the likelihood of an accident by distracting the driver and, if partially consumed, by possibly impairing the driver's reactions and perceptions. Such possibilities explain Georgia's strict law against driving with an open alcoholic beverage in the driver's possession. See OCGA § 40-6-253. Second, the evidence was relevant to impeach Boyer by disproving portions of her testimony. See OCGA § 24-9-82.

Boyer cites *Jones v. Ray*, 159 Ga. App. 734, 735 (3) (285 SE2d 42) (1981), which held evidence of open containers found at the collision scene was inadmissible. But *Jones* is distinguishable in that (i) it preceded the enactment of OCGA § 40-6-253, (ii) the containers were not found in the car, and (iii) the undisputed evidence showed that the driver had not been drinking. The investigating officer's testimony that he smelled no alcohol on Boyer's breath did not render the matter undisputed, nor did it disprove that she was holding the glass of wine while driving.

2. Nor did the court err in instructing the jury that a violation of OCGA § 40-6-253 was negligence per se. In determining whether the violation of a statute is negligence per se as to a particular person,

it is necessary to examine the purposes of the legislation and decide (1) whether the injured person falls within the class of persons it was intended to protect and (2) whether the harm complained of was the harm it was intended to guard against.

(Citations and punctuation omitted.) *Walter v. Orkin Exterminating Co.*, 192 Ga. App. 621, 624 (3) (385 SE2d 725) (1989); see *Montgomery Ward & Co. v. Cooper*, 177 Ga. App. 540, 541 (1) (339 SE2d 755) (1986).

OCGA § 40-6-253 (b) forbids a person from possessing an open container of an alcoholic beverage while driving. This statute is apparently designed to reduce the number of vehicle accidents caused by drivers who are distracted by possessing alcoholic beverages easily consumable or who may become impaired through such consumption. The Michigan Court of Appeals has interpreted Michigan's "Open Container" law (Mich. Comp. Laws Ann. § 257.624a) similarly, holding that the statute was designed to protect the general public from harm caused by the risk of drivers having immediate access to alcoholic beverages. *Sneath v. Popiolek*, 135 Mich. App. 17 (352 NW2d 331, 334-335) (1984); see generally *Lover v. Sampson*, 44 Mich. App. 173 (205 NW2d 69, 73-74 (2)) (1972). Brown fell within the category of persons the statute was designed to protect, and the harm caused to her was the harm the statute was enacted to prevent.

Boyer contends that the instruction was harmful because no evidence tied the glass of wine to the cause of the accident. Boyer misapprehends the meaning of a "negligence per se" instruction. "Negligence per se" means only that if a statutory violation is found, then the party at fault breached a duty; it does not mean that the breach proximately caused the damages at issue. *Central Anesthesia Assoc. v. Worthy*, 254 Ga. 728, 730 (1) (333 SE2d 829) (1985); see *Duncan v. Randolph*, 236 Ga. App. 566, 567 (512 SE2d 688) (1999); *Walter*, supra, 192 Ga. App. at 624 (3). Proximate cause is for the jury to decide (see *Duncan*, supra, 236 Ga. App. at 567), and the jury here received instructions from the court on this matter. Because the jury could infer that Boyer's holding and possibly consuming an open glass of wine distracted if not hindered her from observing and obeying the stoplight, evidence supported a finding of proximate cause against her.

*Judgment affirmed. Andrews, P. J., and Ruffin, J., concur.*

DECIDED SEPTEMBER 20, 1999.

*Nelson & Smith, Ellis M. Nelson*, for appellant.
*Lewis & King, Francis M. Lewis*, for appellee.