A09A1680. ZEIMARAN v. COMMERCIAL CONCEPTS, INC. et al.
(693 SE2d 513)

ANDREWS, Presiding Judge.

Mandana Zeimaran appeals from the trial court's grant of summary judgment to Commercial Concepts, Inc. and Lyman David-

[19] *Ojemuyiwa v. State*, 285 Ga. App. 617, 624 (5) (b) (647 SE2d 598) (2007).
[20] *Leonard v. State*, 279 Ga. App. 192, 194-195 (2) (b) (630 SE2d 804) (2006).

son Dooley, Inc. on her personal injury claim. For the following reasons, we affirm.

Summary judgment is proper when the evidence, construed in the nonmovant's favor, shows that no issue of material fact remains and the movant is entitled to judgment as a matter of law. A defendant may prevail on summary judgment "by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

The undisputed facts in this case are that Zeimaran contracted with Lyman Davidson Dooley to prepare architectural plans for a beauty salon and contracted with Commercial Concepts to build the beauty salon. The plans called for a storage space above the ceiling. The storage area surface was to be constructed of metal decking with plywood on top. This storage area did not cover the entire ceiling; however, the remainder of the area was covered with acoustical tile.

Due to various disputes, Zeimaran fired Commercial Concepts before work on the storage area was completed. Commercial Concepts sent a certified letter which Zeimaran signed for, informing her that:

> As per your request, Commercial Concepts, Inc. has removed itself from the above location. Also per your request, you agree to take over and complete any and all remaining construction items to your satisfaction. Commercial Concepts, Inc. does not and will not in the future, have any responsibility/warranty for the completion of such items as they relate to Kobra Salon and Spa.

Zeimaran did not do any further work on the storage area after Commercial Concepts stopped worked.

At the time of her fall, Zeimaran had been operating the salon for approximately eight months and had gone up into the storage area numerous times. On the day of the accident, Zeimaran went up into the storage area to organize boxes of supplies that she had put there. According to Zeimaran, the last thing she remembers before waking up in the hospital, was being on the storage platform organizing boxes. She later learned that she had fallen through the acoustical tile adjacent to the storage platform and struck the floor $10^1/_2$ feet below.

Zeimaran sued Commercial Concepts and Lyman Davidson Dooley. She claimed that the applicable building codes require a railing around the storage area and Lyman Davidson Dooley was negligent for failing to include this railing in the plans. The com-

plaint also alleged that Commercial Concepts was negligent for failing to construct the railing, even though it was not included in the plans.

Commercial Concepts moved for summary judgment on these claims, contending that the plans did not call for a guardrail and even if they had, Zeimaran removed the company from the job before they could finish the storage area construction. Commercial Concepts pointed out that Zeimaran had, at that point, assumed responsibility for finishing the construction. Further, although the plywood had not been laid and a guardrail had not been constructed, Zeimaran acknowledged that it was obvious where the corrugated steel of the storage area ended and the acoustical tile began. Zeimaran stated in her deposition, "But I mostly, definitely I would stay in the blue part," the blue area being that part of the ceiling covered by the corrugated steel.

Commercial Concepts also pointed out that Zeimaran had been up in the storage area several times before her fall and could not give any reason why she fell through the acoustical tile. Further, Zeimaran acknowledged that she and Commercial Concepts terminated the contract before completion of the work and that she signed a "Final Agreement" providing that "Warranties are Void." Finally, Zeimaran acknowledged that she entered into a "Settlement Agreement and Release" which provided for a full release of "any and all claims, . . . future claims or causes of action."

Lyman Davidson Dooley also moved for summary judgment, arguing that Zeimaran could not show any causal connection between the lack of a guardrail and her fall because she did not know how or why she fell and the lack of a guardrail was open and obvious.

The trial court granted both defendants' motions for summary judgment, holding that Zeimaran did not know why she fell and therefore could not show that any negligence of defendants caused her fall. Further, even if she knew what caused her fall, the condition was open and obvious, she had been on the platform numerous times, and was aware that the acoustical tile could not bear her weight. Accordingly, Zeimaran had not established causation as to either defendant. In addition, with regard to Commercial Concepts, the trial court found that Zeimaran could not recover against them because she had signed a general release from all potential causes of action. This appeal followed.

In a negligence action, the plaintiff must satisfy the following elements of the tort: duty, a breach of that duty, causation, and damages. *Johnson v. American Nat. Red Cross*, 276 Ga. 270, 272 (1) (578 SE2d 106) (2003). "Negligence is not to be presumed, but is a matter for affirmative proof." (Punctuation omitted.) *Cagle v. Ameagle Contractors,* 209 Ga. App. 712 (434 SE2d 546) (1993) and "a

plaintiff must prove that the defendant's negligence was both the 'cause in fact' and the 'proximate cause' of the injury." *Atlanta Obstetrics &c. Group v. Coleman*, 260 Ga. 569 (398 SE2d 16) (1990). "The defendant's conduct is not a cause of the event, if the event would have occurred without it. Prosser, Law of Torts (4th ed. 1971), 239." (Punctuation omitted.) *Ogletree v. Navistar Intl. Transp. Corp.*, 245 Ga. App. 1, 3 (535 SE2d 545) (2000). "A mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to grant summary judgment for the defendant." *Shadburn v. Whitlow*, 243 Ga. App. 555, 556-557 (533 SE2d 765) (2000).

Defendants cite to *Florence v. Knight*, 217 Ga. App. 799 (459 SE2d 436) (1995), which is on point. In that case, the plaintiff, while changing the heating/air conditioning filter, stepped "onto blown insulation and fell through the attic floor." Id. Plaintiffs sued the builders of the house, alleging that they constructed the residence with the heating and air conditioning unit in the attic but without a solid flooring surface or passageway from the attic entrance to the HVAC unit. Further, plaintiffs contended that defendants covered the entire attic floor with "blown" insulation, and failed to install an electrical outlet or lighting fixture near the attic entrance, thus making it difficult to discern the "latent defect." Plaintiffs also alleged that this construction violated building codes and constituted negligence per se. Id. at 799-800.

This Court held:

> Even if plaintiffs could show that the (lack of a walkway and accessible lighting in the attic) was negligence per se as a violation of the building code, (they) would nevertheless be precluded from recovering because of the equal knowledge rule. Here the absence of the element of proximate cause, regardless of any building code infractions, is fatal to the Florences' claims.

(Citation and punctuation omitted.) *Florence*, supra at 800.

In this case, in addition to the lack of proximate cause, we also have the general release signed by Zeimaran, releasing Commercial Concepts from all claims. Most importantly, there is Zeimaran's signature that she received the certified letter from Commercial Concepts notifying her that it was withdrawing from the project by Zeimaran's request and that construction was not complete. The undisputed testimony of the owner of Commercial Concepts was that the storage platform was not completed because they were not allowed to finish the project. Accordingly, even if the plans had called

for construction of a railing or even if it had been deemed advisable to construct a railing after completion of the platform, the railing would not have been built because the project was turned over to Zeimaran before it was finished.

Therefore, Zeimaran's claim against Commercial Concepts fails for all the reasons discussed above, but first and foremost because she cannot show that they owed her any duty, having been removed from the project before they could finish the storage platform. Zeimaran's claim against Lyman Davidson Dooley fails for all the reasons discussed above and most importantly, because Zeimaran cannot show that the plan's failure to include a railing around the storage area was the proximate cause of her fall.

*Judgment affirmed. Miller, C. J., and Barnes, J., concur specially.*

BARNES, Judge, concurring specially.

While I agree that the trial court properly granted summary judgment to the contractor and architect in this case, I do not agree with all that is said, and thus I concur specially.[1] The fact that the plaintiff did not know how she came to fall through the ceiling tiles is not dispositive here. The law cannot require someone who sustained brain damage after falling ten feet because there was no safety rail to prove she fell because there was no safety rail. The cause of her injuries was clearly her fall through the ceiling and it is irrelevant that she did not know if she "slipped, tripped, or fell." If the architect had included a guard rail in the design and if the design had been completed, the rail would have prevented her from ever reaching the suspended ceiling. And while the absence of the guard rail was obvious and open, the need for one was not, and thus the equal knowledge rule does not apply.

I agree, however, that the trial court did not err in granting summary judgment to Lyman Davidson Dooley because regardless of how the architectural plans were drafted, the contractor did not finish building out the space. To find Lyman Davidson Dooley liable we would have to assume that the structure would have been built to the architect's specifications and also assume that no one would have recognized the need for safety features before construction ended. But the contractor never got to the point where someone might have addressed the safety issue because he was fired or withdrew before the job was finished. Under these peculiar facts, because Zeimaran cannot show that Lyman Davidson Dooley's design proximately

---

[1] Because I do not agree with all that is said, this opinion is physical precedent only. Court of Appeals Rule 33 (a).

caused or allowed her to fall, I agree that Lyman Davidson Dooley was entitled to summary judgment.

We need not reach the issue of proximate cause or equal access in considering the summary judgment granted to Commercial Concepts because Zeimaran released any claims against the contractor. While Zeimaran argues that she only released existing claims, not claims arising after she signed the release, the document by its terms applies to "any and all claims . . . and future claims or causes of action" against Commercial Concepts. This is a sufficiently general release to cover both contractual and negligence claims, and thus the contractor is entitled to summary judgment on that ground.

For these reasons, I concur specially in the majority opinion.

I am authorized to state that Chief Judge Miller joins in this opinion.

DECIDED FEBRUARY 16, 2010 —
RECONSIDERATION DENIED APRIL 7, 2010 — 

*Henry, Spiegel & Milling, Roberts C. Milling II, Marla M. Eastwood*, for appellant.

*Mabry & McClelland, Walter B. McClelland, Greenfield, Bost & Kliros, Michael W. Lord, Todd C. Gould*, for appellees.