39324. TAYLOR v. BOYCE *et al.*

JORDAN, Judge. 1. Where a tenant is injured as a result of defects in a part of the rented premises which he continued to use after knowledge that such part of the premises was in a defective and unsafe condition, the failure on the part of the tenant to exercise ordinary care for his own safety by refraining from the use of such portion of the premises and thus avoiding the consequences to himself caused by the landlord's negligence in failing to repair will be held to be the sole proximate cause of the injuries sustained. *Code* § 105-603; *Ball v. Walsh*, 137 Ga. 350 (73 SE 585); *Donehoe v. Crane*, 141 Ga. 224 (80 SE 712); *Jackson v. Davis*, 39 Ga. App. 621 (147 SE 913); *Harris v. Edge*, 92 Ga. App. 827 (2) (90 SE2d 47).

2. Thus where it appears from the uncontradicted facts adduced on motion for summary judgment in a suit by a tenant against her landlord to recover damages for personal injuries sustained by the plaintiff when she fell through the back porch of the rented premises that said porch was in a rotten and unsafe condition, that plaintiff knew of the unsafe condition of the porch and was afraid to walk on it, and that plaintiff had notified the landlord's agent many times that the porch was in need of repair and dangerous to use, a

finding is demanded that the plaintiff's fall resulted from a defective and unsafe condition of the premises of which she was aware; and the plaintiff is therefore barred from recovery by reason of her failure to exercise ordinary care for her own safety.

3. There is no merit to the plaintiff's contention that this case is removed from the general rule by reason of the facts appearing from the counter-affidavit of the plaintiff which disclosed that it was necessary for the plaintiff to walk across said porch in order to reach the only source of drinking water on the premises. As stated by the Supreme Court in *Clements v. Blanchard*, 141 Ga. 311, 312 (80 SE 1004, LRA 1917A 993), under the law of this State, the plaintiff ". . . could either have moved out and sued the landlord for damages for failure to keep the premises in repair, or, if the repairs were necessary to render the house tenantable, she could have caused the necessary repairs to have been made, and set them off against the landlord's claim for rent. Her continuance in the house for so long a time after the house was rendered untenantable and the landlord had refused to repair constitutes such negligence as bars her of recovery."

Clearly under the authorities cited in this opinion, the tenant's continued use of the porch with knowledge of its rotten and unsafe condition bars her of any right to recover. The trial court therefore did not err in granting the defendant's motion for summary judgment.

*Judgment affirmed. Nichols, P. J., and Frankum, J., concur.*

DECIDED MARCH 1, 1962.

*Vincent P. McCauley, Marilyn W. Carney,* for plaintiff in error.

*Kelly, Champion & Henson, S. E. Kelly, Jr.,* contra.

