43699.   WADE et al. v. ROBERTS.

ARGUED JUNE 5, 1968—DECIDED SEPTEMBER 3, 1968.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, William T. Johnson, Meade Burns,* for appellants.

*Huie & Harland, Harry L. Cashin, Jr., Terrill A. Parker,* for appellee.

PANNELL, Judge.   Mrs. Margaret M. Roberts brought an action against Mr. and Mrs. Robert L. Wade seeking recovery for injuries sustained when she fell in the concrete driveway at the home of the defendants on the Buford Highway while she was on a visit there.   The petition alleged that plaintiff was an invitee rather than a licensee guest and alleged that the driveway had been covered with loose gravel, rocks and stones for several months prior to the injuries in August 1965, and was also cracked in places with the cracks containing loose gravel, rocks and stone.   The petition further alleged that on August 8, 1965, at approximately 5:30 p.m., Mrs. Wade requested petitioner to walk up the driveway and help her deliver a large load of corn to her visitor, Mrs. Ida Langley, whose car was parked up on Buford Highway; that the delivery of said corn to the visitor of

the defendant Mrs. Wade was advantageous and of benefit to the said defendants; that after petitioner had walked up most of the driveway and was nearing the top of it, she slipped on the loose gravel, stones and rocks and fell on the concrete driveway, sustaining severe fractures of her left wrist and multiple lacerations of her left elbow. The allegations of negligence were as follows: "(a) In knowingly allowing said driveway to be covered with gravel, rocks and stones so as to render it unsafe; (b) In failing to remove said rocks, gravel and stones from said driveway; (c) In failing to repair the cracks in the surface of the driveway; (d) In failing to sweep or clear the concrete driveway of the rocks and gravel which had come to rest thereon; (e) In failing to provide a safe ingress and egress to and from their property; (f) In failing to maintain an ingress and egress in a safe condition so as to not injure persons invited thereon; (g) In failing to provide a handrail for such a steep incline; (h) In failing to protect your petitioner from the perils of said treacherous driveway; (i) In failing to anticipate that petitioner might fall on the loose rocks and gravel resting on said driveway; (j) In failing to warn petitioner of the inherent danger of said rocks and cracks on said driveway; (k) In requesting and directing petitioner to walk up the dangerous driveway with a large armload of corn." The defendants made a motion for a summary judgment upon the affidavits attached and the deposition of Mrs. Roberts. By amendment the petition alleged that the rocks and gravel which had accumulated in said cracks in the driveway contributed to the fall of the petitioner in that the gravel and loose rocks upon which your petitioner slipped were gathered in and around said cracks and that the defendants were negligent in not repairing said cracks on the surface of the driveway. The affidavit of Mrs. Wade was to the effect that Mrs. Roberts had visited her and her husband at their home on Buford Highway on numerous occasions and that the driveway sloped downward toward the house; that Mrs. Roberts was familiar with the driveway and had walked on it on several occasions; and that on the day before the injury Mrs. Roberts walked down the driveway to the mailbox which was located on the Buford Highway and back; that she had

warned Mrs. Roberts to be careful while walking. The deposition of Mrs. Roberts showed that she had visited the defendants for a number of years, approximately ten, at their home on the Buford Highway, and that on this particular visit, and on the day prior to the injury, she walked up the driveway to get the mail from the mailbox and then back down again to the house. Her further testimony in reference to this trip to get the mail is as follows: "Q. The first time that you walked the driveway and then back down the driveway, did you observe anything wrong with the driveway? A. Not particularly. Q. Did you see any loose rocks or gravel on the driveway? A. Yes. Q. Did you observe any cracks in the driveway? A. No. Q. Did you observe any limbs or anything like that in the driveway? A. No. Q. Would you describe the gravel and rocks that you saw in the driveway on August 7, 1965? A. The only thing I can tell you it was just gravel. Q. Gravel? A. Rock. Q. Was it heavy or—A. Yes. Q.—light? Very heavy? A. Yes. Q. Was it so thick that every time you would take a step you would feel the gravel under your feet or would that be an incorrect statement? A. I don't know how to answer that. I know they felt pretty heavy under my feet. Q. Did you mention this to Mrs. Wade or Mr. Wade when you came back to the house? A. No, I did not. Q. Other than the gravel did you see anything in the driveway or any defect in the driveway? A. No. Q. Is it true that the driveway slanted up as you would walk toward the street or Buford Highway? A. Yes."

The deposition further shows that she assisted Mrs. Wade in household chores such as cooking, cleaning and washing dishes. On the day of the injury the defendants and the plaintiff had gone to meet some friends of the defendants, Mr. and Mrs. George Langley; they came back to the home of the defendants and parked on the highway; that Mrs. Roberts went with Mr. Langley to the house to get some vegetables for Mr. and Mrs. Langley and that she and Mr. Langley were coming up the driveway and that she was carrying some corn and that while walking up the driveway she gave the corn to Mr. Langley and shortly thereafter the fall occurred. In describing how she fell, she said: "Well, my feet just slipped from under me under these

rocks"; that she was wearing Keds, a tennis type shoe; that Mrs. Wade had told her about some person falling at a store or filling station. The affidavit of Mrs. Roberts in response to the motion said: "I slipped and fell as a result of certain gravel and rocks which had gathered in and around large cracks in the driveway," and that she had not observed the cracks in the driveway prior to her fall as they were hidden by the rocks and gravel, and that the cracks appeared to have been there a long time, and she was not warned about them by the defendants, and that the defendants had never warned her about anybody falling in the driveway. The trial judge overruled a motion for summary judgment and certified the ruling for appeal.

As we view the evidence presented on the motion, it is not necessary to determine whether plaintiff was an invitee or licensee (see *Laurens v. Rush,* 116 Ga. App. 65 (156 SE2d 482); *Lenkeit v. Chandler,* 97 Ga. App. 769 (104 SE2d 476)) as the evidence shows the plaintiff was well aware that the concrete driveway was covered with heavy gravel, and by walking thereon she assumed any risks incident thereto and was guilty of such lack of ordinary care for her own safety as would prevent a recovery. *Code* § 105-603. The evidence does not disclose that the unknown cracks (if a latent defect) had any causal relationship to the fall except for the fact that gravel and rocks had collected there of which latter fact she was well aware, as shown by her own testimony. The crack was a location of the cause rather than a cause itself. While, ordinarily, knowledge of a defect is not necessarily knowledge of danger inherent in the defect (*Rich's, Inc. v. Townsend,* 94 Ga. App. 761, 766 (96 SE2d 332)), we think that knowledge of loose gravel in a concrete driveway is obviously knowledge of probable danger of slipping when walking thereon.

Accordingly, the trial judge erred in failing to grant the summary judgment of the defendants. Whether or not the defendants were negligent in permitting gravel to accumulate on the concrete driveway, we do not decide. See in this connection *Butler v. Jones,* 85 Ga. App. 158 (68 SE2d 173).

*Judgment reversed. Jordan, P. J., and Deen, J., concur.*