70691. GRIER v. JEFFCO MANAGEMENT COMPANY et al.
(335 SE2d 408)

BANKE, Chief Judge.

The plaintiff sued the owners and the manager of her apartment building to recover for injuries she allegedly sustained when she slipped and fell on a patch of frozen precipitation which had formed overnight on an outside walkway providing access to her apartment. The defendants were granted summary judgment, and the plaintiff filed this appeal.

The plaintiff's fall occurred at about 9:30 a.m., as she was attempting to exit the premises to keep a doctor's appointment. The defendants had taken no action to remove or alter the natural accumulation of snow and ice which had formed outside the building during the previous night, and they urge that they were under no legal duty to do so. *Held*:

The defendants place great reliance on this court's recent holding in *Speaks v. Rouse Co.*, 172 Ga. App. 9 (321 SE2d 774) (1984), that a property owner is under no affirmative duty to invitees to remove natural accumulations of snow and ice which may form on the premises. The plaintiff in *Speaks* slipped on a patch of ice which had formed in the parking lot of a shopping mall during the late afternoon, as she was inside shopping. We ruled that under such circumstances, the plaintiff, who had observed the presence of water in the parking lot

upon entering the mall and who appreciated the fact that the outside temperature had probably dropped below freezing while she was inside shopping, was chargeable with knowledge of the perilous condition at least equal to that of the property owner. In the earlier case of *Telligman v. Monumental Properties*, 161 Ga. App. 13 (288 SE2d 846) (1982), however, this court reached a contrary conclusion with respect to a plaintiff who slipped and fell on a natural accumulation of ice as she was *entering* the defendant's business premises, notwithstanding the fact that she had actual knowledge of the existence of such icy conditions and hazards in general. There was evidence in *Telligman* that a maintenance crew had been working to remove the ice from the sidewalks outside the store but had not removed the ice from the entrance where the plaintiff fell, ostensibly because such efforts were not deemed necessary. There was also evidence that the plaintiff had telephoned the store that morning to ask if it would be open and had been assured that it would be. Notwithstanding such factual differences, it is, of course, difficult to reconcile the result in *Telligman* with the broad holding in *Speaks* that a property owner is under no affirmative duty to invitees to remove natural accumulations of snow and ice which may form on the premises.

Whatever force the doctrines of superior knowledge and assumption of risk may have in cases involving the liability of property owners to business customers, they have certainly been relaxed in recent years in the landlord-tenant setting. Cf. *Richardson v. Palmour Court Apts.*, 170 Ga. App. 204 (316 SE2d 770) (1984). In *Phelps v. Consolidated Equities Corp.*, 133 Ga. App. 189 (210 SE2d 337) (1974), for example, we reversed a grant of summary judgment to a defendant landlord in a suit by a tenant who had slipped on ice which had formed outside her apartment during an ice storm, holding, at p. 193, that " '[k]nowledge of the presence of ice and snow would impose upon the plaintiff the duty of exercising that degree of care commensurate with her knowledge, but would only be a circumstance to be considered by the jury along with all others in determining if the plaintiff exercised due care for her own safety.' (Cit.)" Similarly, in *Hull v. Mass. Mut. Life Ins. Co.*, 142 Ga. App. 269 (235 SE2d 601) (1977), we held that where there was evidence from which the jury could find that the plaintiff was required to traverse the ice outside her apartment in order to return to work, the question of assumption of risk was for the jury, notwithstanding the fact that the plaintiff had acted with full knowledge of the danger.

In both *Phelps* and *Hull*, we emphasized the fact that the plaintiff had no alternative but to traverse the ice if she did not want to be a virtual prisoner in her own apartment. That fact, of course, constitutes an important distinction between those cases in which the plaintiff is a tenant in an apartment building and those cases wherein

he or she is merely a store customer. Based on evidence in the present case tending to show that the plaintiff was required to traverse the icy sidewalk where she fell in order to enter and leave her apartment, we hold, in reliance upon *Phelps* and *Hull*, that she cannot be deemed as a matter of law to have freely and voluntarily assumed the risk of injury and thus that the defendants were not entitled to summary judgment.

*Judgment reversed. McMurray, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 3, 1985 —
REHEARING DENIED SEPTEMBER 24, 1985 —

*Robert L. Littlefield, Jr.*, for appellant.
*Michael J. Goldman, Robert U. Wright*, for appellees.