74118. SOTO v. ROSWELL TOWNHOMES, INC. et al.
(358 SE2d 670)

CARLEY, Judge.

Appellant-plaintiff filed suit, seeking to recover for both the personal injuries and the property damage that she had allegedly sustained as the result of an influx of mud, silt, and surface water onto her property. That influx was the alleged result of construction and development activities which were being carried out by appellee-defendants on the property which adjoined appellant's. Appellees answered appellant's complaint and the case proceeded to discovery.

In appellant's deposition, she testified to the following: She had first noticed the influx of mud, silt, and surface water in May of 1984 and had called appellee-American Investment Management Corporation to complain. In response, Mr. Gregory Smith, who is a vice-president of two of the appellees, came to her house and assured her that "they were going to stop all the drainage and clean up everything." Appellant again complained in July of 1984 and Mr. Smith again came to her home to investigate. According to appellant, Mr. Smith "came by the screen and he motioned me to come out. And I says,

No, there is all this mud. He says, That's all right, come slowly. So he showed me they had a camera, and I says, All right." Appellant exited her house and walked around the yard with Mr. Smith, showing him the mud that was on her property. Immediately thereafter, as she was standing outside the door to her house and talking with Mr. Smith, appellant slipped on the mud and fell. As the result of that fall, appellant sustained the personal injuries for which she sought to recover damages in this action.

Appellees moved for summary judgment as to appellant's personal injury claim and that motion was granted. Appellant appeals from the order of the trial court granting partial summary judgment in favor of all appellees.

Construing the evidence of record in this case most favorably for appellant, a potentially dangerous situation, in the form of an accumulation of mud, was created by appellees. The law imposes upon one who has created a dangerous situation the "duty to do something about it so as to prevent injury to others if it reasonably appears or should appear to him that others in the exercise of their lawful rights and in the exercise of ordinary care for their own safety may be injured thereby. . . . [T]he one creating the same is under a duty to eliminate the danger or give warning to others of its presence." *Hardy v. Brooks*, 103 Ga. App. 124, 126-127 (2) (118 SE2d 492) (1961). The potentially dangerous situation at issue in this case was created on appellant's own property. Prior to her fall, appellant had actual knowledge of the existence of the mud on her property and had vigorously complained of its presence. "[T]he duty to warn extends only to latent dangers — not those which are open and obvious. [Cit.]" *Laite v. Baxter*, 126 Ga. App. 743, 748 (2) (191 SE2d 531) (1972). Appellant contends that, although she was well aware of the existence of the mud on her property, she was not fully aware of the extent of its slipperiness. "While, ordinarily, knowledge of a defect is not necessarily knowledge of danger inherent in the defect ([cit.]), we think that knowledge of [the presence of mud] is obviously knowledge of probable danger of slipping when walking there[in]." *Wade v. Roberts*, 118 Ga. App. 284, 287 (163 SE2d 343) (1968). Thus, notwithstanding their creation of the potentially dangerous situation, appellees had no duty to warn appellant that, if she walked in those areas of her property where the mud had accumulated, there was a probable danger of slipping and that she should guard against that danger in the event that she did walk in those areas. "There is no duty to warn of the obvious, or of that which the plaintiff already knew or should have known. [Cits.] That [appellant] was beckoned by [Mr. Smith] to follow him [outside] does not alter the rule. 'A person cannot undertake to do an obviously dangerous thing, even though directed by another . . . without assuming the risks incident thereto, and without himself be-

ing guilty of such lack of due care for his own safety as to bar him from recovery if he is injured. . . .' [Cit.]" *Roberts v. Bradley*, 114 Ga. App. 262-263 (150 SE2d 720) (1966).

"As a general proposition, issues of negligence, contributory negligence and lack of ordinary care for one's own safety are not susceptible of summary adjudication either for or against the claimant, but should be resolved by trial before a jury. [Cits.] However, where the facts conclusively show by plain, palpable and undisputed evidence that the defendant was not at fault . . . , such case properly may be resolved as a matter of law through the vehicle of summary judgment. [Cits.]" *Fort v. Boone*, 166 Ga. App. 290, 291-292 (304 SE2d 465) (1983). After reviewing the record, we find that this case is one which is to be included among such negligence cases as may be resolved by summary adjudication. The evidence shows that the muddy condition and the danger that it presented were obvious to anyone who encountered it and that appellant was not required to traverse the muddy areas of her property. Compare *Grier v. Jeffco Mgt. Co.*, 176 Ga. App. 158 (335 SE2d 408) (1985). Under the circumstances, appellees breached no duty owed to appellant to warn her of physical danger and, assuming that her fall was not a legal accident occurring through the fault of no one, "a finding is demanded that [her] fall resulted from a defective and unsafe condition of the premises of which she was aware; and [she] is therefore barred from recovery by reason of her failure to exercise ordinary care for her own safety." *Taylor v. Boyce*, 105 Ga. App. 434-435 (2) (124 SE2d 647) (1962). See also *Wade v. Roberts*, supra. The trial court correctly ruled and the judgment of the trial court is affirmed.

*Judgment affirmed. Birdsong, C. J., Deen, P. J., Sognier and Beasley, JJ., concur. McMurray, P. J., Banke, P. J., Pope and Benham, JJ., dissent.*

BANKE, Presiding Judge, dissenting.

Having apparently analyzed this as an ordinary "slip-and-fall" case, the majority has concluded that, because the presence of the mud was obvious, the plaintiff's injuries cannot legally be attributed to the defendants' alleged tortious misconduct in causing it to be present on her property but must instead be deemed the proximate result of her own failure to exercise ordinary care for her safety. However, it is not appropriate to treat this as an ordinary "slip-and-fall" case for the simple reason that the plaintiff did not encounter the hazard by entering voluntarily upon the defendants' premises. Rather, the defendants are alleged to have sent the hazard to her as she was attempting to exercise quiet enjoyment of her own property. Indeed, her fall occurred just outside the door to her home. What was she required to do under these circumstances to demonstrate due care

for her own safety? Remain a prisoner in her home? Move?

The "superior-knowledge" standard of liability normally applicable in "slip-and-fall" cases arises from practical necessity in that a lesser standard would, in effect, make the proprietor of a business establishment an absolute guarantor of the safety of customers entering upon the premises. See generally *Alterman Foods v. Ligon*, 246 Ga. 620, 622-624 (272 SE2d 327) (1980). Thus, it has long been the rule that " 'if [the] invitee knows of the condition or hazard, there is no duty on the part of the proprietor to warn him and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor does and then by voluntarily acting in view of his knowledge assumes the risks and dangers incident to the known condition.' " *Rogers v. Atlanta Enterprises*, 89 Ga. App. 903, 906 (81 SE2d 721) (1954). See also *Harris v. Star Svc.*, 170 Ga. App. 816, 817 (318 SE2d 239) (1984); *McIntyre v. Corporate Property Investors*, 160 Ga. App. 868 (288 SE2d 584) (1982).

While the "superior knowledge" standard is eminently reasonable and appropriate in those cases where the plaintiff has voluntarily elected to confront a known hazard by entering upon the defendant's premises, it has no reasonable applicability to cases such as the one before us now. Indeed, even in "traditional" slip-and-fall cases, the standard has been held inapplicable where the plaintiff's awareness of the danger is counterbalanced by other factors militating against a finding of voluntariness. For example, in *Hull v. Mass. Mut. Life Ins. Co.*, 142 Ga. App. 269 (235 SE2d 601) (1977), and *Phelps v. Consolidated Equities Corp.*, 133 Ga. App. 189, 193 (210 SE2d 337) (1974), this court held that it was not appropriate to grant summary judgment to a landlord in an action by a tenant to recover for injuries attributable to a known hazard existing on the premises, where the tenant's only alternatives to confronting the hazard were either to remain trapped in her apartment or be denied access thereto. See also *Richardson v. Palmour Court Apts.*, 170 Ga. App. 204 (316 SE2d 770) (1984).

This is not to say that the defenses of voluntary assumption of risk and contributory negligence are not available to the defendants under the circumstances of the present case. However, I do not believe that either of these defenses operates to defeat the appellant's claim as a matter of law. " 'Even where there is no dispute as to the facts, it is . . . usually for the jury to say whether the conduct in question met the standard of the reasonable man.' " *Ellington v. Tolar Constr. Co.*, 237 Ga. 235, 237 (227 SE2d 336) (1976). Because I am unable to conclude as a matter of law that the plaintiff's injuries resulted from a voluntary decision on her part to test a known danger, I would reverse the grant of summary judgment against her in her personal injury action.

I am authorized to state that Presiding Judge McMurray, Judge Pope, and Judge Benham join in this dissent.

DECIDED JUNE 15, 1987.

Harold K. Corbin, Richard W. Wilson, Jr., for appellant.

J. M. Hudgins IV, Lance D. Lourie, Thomas F. Allgood, Jr., for appellees.