## A91A0514. MOORE v. SERVICE MERCHANDISE COMPANY et al.
### (408 SE2d 480)

ANDREWS, Judge.

Moore, a driver for United Parcel Service, appeals the grant of summary judgment to Service Merchandise and its landlord Candler Development Company in his suit for injuries resulting from a fall while making a delivery to Service Merchandise.

Viewed in favor of Moore, opponent of summary judgment, OCGA § 9-11-56; *Eiberger v. West*, 247 Ga. 767, 769 (1) (281 SE2d 148) (1981), the evidence was that, as part of his regular route, Moore had been making two stops a day at Service Merchandise for a year prior to the accident in October 1988. He made a delivery stop in the morning and a pickup stop in the afternoon. On several of these visits, Moore had observed that, during and after rain, the roof over the loading dock where he parked his truck leaked, causing numerous puddles on the concrete loading dock and wetness over most of it. On at least one occasion, Moore had complained to his supervisor at UPS about the presence of the standing water. Deliveries and pickups could be made at Service Merchandise by walking over the loading dock into the warehouse, as Moore did here, using the pedestrian entrance to the warehouse to the side, or entering the doors of the retail store and going to the warehouse section. No one had ever restricted Moore to use of the loading dock for this purpose and other UPS drivers had used the other entrances.

When it had rained on other occasions while Moore made his pickup, he waited in the truck and Service Merchandise employees handed him the packages so he did not have to traverse the dock. On the day he was injured, the other employees were involved in unloading another truck and Moore did his own pickup rather than wait for them. He had already carried one load across the loading dock through the puddle into his truck before he fell on the next trip. He slipped in a puddle and fell into his truck, injuring his knee.

In order to recover in a slip and fall case, the plaintiff must show that (1) the defendant had actual or constructive knowledge of the foreign substance and (2) plaintiff was without knowledge of the substance or for some reason attributable to the defendant was prevented from discovering the foreign substance. *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980).

Here, there is no question that Service Merchandise knew of the condition of the roof and the fact that the loading dock became wet during and after rain. Likewise, however, there is no question that Moore also knew about the condition and had, in fact, complained to his supervisor about it. Further, on prior trips, he had chosen to remain in his truck rather than traverse the area while it was wet. Ac-

knowledging this, *Clark v. Carla Gay Dress Co.*, 178 Ga. App. 157, 159 (342 SE2d 468) (1986), Moore asserted in opposition to the motions for summary judgment that there remained an issue of whether the "rule of necessity" as explained in *Thompson v. Crownover*, 259 Ga. 126 (381 SE2d 283) (1989) applied and created a jury issue.

That case had, as its foundation, the statutory duty of care imposed upon a residential landlord by housing codes and other laws to ensure the safety of his tenant. Without that as a cornerstone, the argument of Moore based on *Thompson* is not applicable here.

There is in place, however, a principle developed under the assumption of the risk theory that applies. "[T]he doctrine of the assumption of the risk of danger applies only where the plaintiff, *with a full appreciation of the danger involved and without restriction from his freedom of choice either by the circumstances or by coercion*, deliberately chooses an obviously perilous course of conduct so that it can be said as a matter of law he has assumed all risk of injury. [Cit.]" *Myers v. Boleman*, 151 Ga. App. 506, 509 (3) (260 SE2d 359) (1979).

There is no evidence here that Moore was so limited in his freedom of choice. His own testimony was that on previous occasions he had exercised that choice and remained in his truck while Service Merchandise employees handed him packages. On this occasion, he chose not to without coercion or removal of that option or others by defendants.

"This is a 'plain, palpable, and indisputable' case not calling for resolution by a jury." *Favour v. Food Lion*, 193 Ga. App. 750, 751 (389 SE2d 22) (1989); *Smith v. Wal-Mart Stores,* 199 Ga. App. 808 (406 SE2d 234) (1991).

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED JULY 2, 1991 —
RECONSIDERATION DENIED JULY 15, 1991.

*Morse & Ontal, Jack O. Morse*, for appellant.
*DeVille, McNatt & Halberg, Blake D. Halberg, Alston & Bird, Peter M. Degnan, James C. Grant*, for appellees.