## A93A1609. OGLETHORPE POWER CORPORATION
## v. SHERIFF.
### (436 SE2d 14)

BIRDSONG, Presiding Judge.

This suit arises from claims of trespass and conversion by intentional damage to certain trees averred to have occurred when Oglethorpe Power Corporation exceeded a right-of-way for the erection of an electrical power line.

The jury awarded plaintiff $3,783.29 compensatory damages and $25,492.87 attorney fees for conversion; $20,000 attorney fees for bad faith, being stubbornly litigious, or causing the plaintiff unnecessary trouble and expense; and $100,000 punitive damages. The trial court entered judgment, but limited attorney fees to $25,492.87 for conversion claim litigation.

Appellant timely filed a direct appeal of the order denying its motion to set aside or, in the alternative, for a new trial. Appellant enumerates 12 errors. *Held*:

1. This court lacks jurisdiction to review the denial of the motion to set aside judgment, as appellant failed to use the discretionary appeals procedure of OCGA § 5-6-35 (a) (8). See *State Farm Mut. Auto. Ins. Co. v. Yancey*, 258 Ga. 802 (375 SE2d 39). Accordingly, this portion of the appeal is dismissed. However, we have jurisdiction of the direct appeal of the denial of the new trial motion (see *Hill v. Bailey*, 187 Ga. App. 413 (1) (370 SE2d 520)); compare *Magnum Communications v. Intl. Business Machines Corp.*, 206 Ga. App. 131 (1) (424 SE2d 379).

2. (a) Appellant moved to strike the testimony of a real estate broker on the basis the witness was not a certified real estate appraiser. A real estate broker is not disqualified per se from testifying as an expert on the issue of the alleged diminution of value of real property. Compare *Brunswick Floors v. Shuman*, 185 Ga. App. 362, 363 (2) (364 SE2d 96). The trial court did not breach its discretion in this matter.

(b) Appellant failed timely and specifically to object to this testimony, on the ground that the expert was unable to testify as to the date of trespass or as to the amount of property involved. Thus, these issues are not preserved for appeal. See *Gully v. Glover*, 190 Ga. App. 238, 241 (4) (378 SE2d 411). A motion cast as "I move to strike his testimony" is general in nature and preserves no specific ground in support thereof on appeal. Cf. *Nodvin v. West*, 197 Ga. App. 92, 95 (3a) (397 SE2d 581).

3. The trial court did not err in declining to withdraw the issue of attorney fees from the jury at the close of plaintiff's evidence; there was sufficient evidence to support jury consideration. The substance and purpose of the motion was to obtain in effect a directed verdict as

to the issue of attorney fees on the basis of insufficiency of the evidence. The proper standard of review is the "any evidence" test (see *F. A. F. Motor Cars v. Childers*, 181 Ga. App. 821 (1) (354 SE2d 6)), and the evidence must be construed in the light most favorable to the winning party (see *Church's Fried Chicken v. Lewis*, 150 Ga. App. 154, 159 (256 SE2d 916)). Upon appellate review of a denial of a defendant's motion to withdraw the issue of attorney fees or motion for directed verdict as to such issue, "this court will consider all relevant admissible evidence of record whether admitted or elicited during the plaintiff['s] case in chief or subsequent thereto." *Gene Thompson Lumber Co. v. Davis Parmer Lumber Co.*, 189 Ga. App. 573, 576 (3b) (377 SE2d 15).

The tort of conversion of timber by intentional damage, as averred, gives rise to a claim of intentional tort. " 'The bad faith referred to (in OCGA § 13-6-11), in actions sounding in tort, means bad faith in the transaction out of which the cause of action arose' " (*Brown v. Baker*, 197 Ga. App. 466, 467 (3) (398 SE2d 797)), and OCGA § 51-12-51 (a) expressly authorizes the recovery of reasonable attorney fees for a broad range of acts generally categorized as a conversion of timber.

In this case, there is evidence from which the jury could infer bad faith. See OCGA § 13-6-11. Although the number of trees cut outside the right-of-way and the reason for such cutting was in dispute, appellant's transmission line inspector admitted he ordered the cutting of trees outside of the right-of-way. The condemnation order contained no authority to cut these particular trees. The inspector also conceded in his testimony that if the power company cut trees and cleared land beyond the right-of-way, it would not have to come back to cut trees to maintain that right-of-way for a long time, although he asserted that no advantage would be obtained by such conduct. The circumstances surrounding and reason for cutting the trees presented issues of good faith for jury resolution. "Questions of bad faith, stubborn litigiousness, and unnecessary expense, under OCGA § 13-6-11, are generally questions for the factfinder." *Manderson & Assoc. v. Gore*, 193 Ga. App. 723, 735 (9) (389 SE2d 251).

Additionally, a legitimate award of damages for an intentional tort, such as trespass or intentional conversion, generally will support a claim for expenses under OCGA § 13-6-11 " 'under the theory that the intention evokes that "bad faith" necessary for recovery under' " the statute. *Wisenbaker v. Warren*, 196 Ga. App. 551, 552 (2) (396 SE2d 528).

Each of appellant's enumerations of error based on a claim of insufficient evidence to support a jury award of attorney fees is without merit.

4. The trial court did not err in failing to withdraw the issue of

punitive damages from the jury at the close of the plaintiff's evidence; there was sufficient evidence to support jury consideration. For the reasons stated in Division 3 above, this motion was in substance and effect a motion for directed verdict as to punitive damages.

(a) The criteria for the award of punitive damages are stated in OCGA § 51-12-5.1 (b). There exists some evidence from which the jury could find, by clear and convincing evidence, that defendant's actions in the commission of an intentional tort showed one or more of these criteria, particularly "that entire want of care which would raise the presumption of conscious indifference to consequences."

(b) Appellant further contends that the award of punitive damages is so disproportionate to appellee's actual damage (as reflected by the amount awarded as compensatory damages), as to compel this court to grant relief. However, as to causes of action arising on or after July 1, 1987, "[p]unitive damages shall be awarded not as compensation to a plaintiff but solely to *punish, penalize,* or *deter* a defendant." (Emphasis supplied.) OCGA § 51-12-5.1 (c), (h). Compelling punitive damage awards to be mathematically proportionate, except when given to compensate for wounded feelings, would create a judicial barrier to the achievement of these clear and legitimate legislative purposes. "The concept of proportionality as a *legal* limitation on the amount of punitive damages applies, in Georgia, only when such damages are given to compensate for wounded feelings. A deterrence award is based on factors, for the most part, unrelated to the injury to any particular victim, and is limited only by the collective conscience of the jury." *Hosp. Auth. of Gwinnett County v. Jones,* 259 Ga. 759, 762 (2) (386 SE2d 120).

(c) Appellee was awarded compensatory and punitive damages for appellant's intentional tortious conduct; but appellee obtained this recovery only after the trauma and expense of litigation, including the incurring of a substantial charge for attorney fees in his quest for judicial relief. When the expense of litigation incurred by appellee is considered together with the amount of the award of direct compensatory damages, the jury rendered punitive damages which were approximately only three times greater than the combined amount of direct damages and attorney fees suffered. Viewed in this light, any argument of gross disproportion pales in significance. In any event, as one of the legitimate purposes of punitive damages is to "deter the repetition of reprehensible conduct by the defendant" and because deterrence is based on factors other than the actual harm caused, "the notion that punitive damages must necessarily bear some relationship to the *actual* damages awarded by the jury" has been rejected in this state. *Hosp. Auth. of Gwinnett County v. Jones,* 261 Ga. 613, 614 (1) (409 SE2d 501). "[H]owever . . . this relationship may be considered on the issue whether the punitive damage award is

excessive due to undue passion and prejudice." Id. at 614, n. 3. Appellant has not asserted that the jury awarded excessive punitive damages borne of any "undue passion and prejudice." Accordingly, this issue has been abandoned on appeal. Court of Appeals Rule 15 (c) (2). Moreover, the record does not affirmatively support any contention of "undue passion and prejudice."

(d) In addition to the broad discretion vested in trial courts to set aside any judgment it considers excessive and not supported by the evidence, "appellate courts may also set aside an oppressive jury verdict under OCGA § 51-12-12." *Hosp. Auth.*, supra, 259 Ga. at 766. Appellant has failed to establish affirmatively by the record either that the trial court breached its discretion in entering a judgment that included the award of punitive damages or that the punitive damage award constituted an oppressive jury verdict under OCGA § 51-12-12.

Both error and harm must be shown affirmatively by the record before appellate relief is mandated. See generally *Whelchel v. Thomas Ford Tractor*, 190 Ga. App. 156 (1) (378 SE2d 510). In the absence of an oppressive jury verdict, we may not substitute our collective appellate conscience for that of a jury. See *Hosp. Auth.*, supra.

5. Appellant asserts it is a wholesale supplier of electricity pursuant to OCGA § 46-3-170 and a public service corporation rather than a profit corporation; accordingly, it is shielded from liability for punitive damages as a matter of public policy. Compare *MARTA v. Boswell*, 261 Ga. 427 (405 SE2d 869) where an award of punitive damages in a suit against MARTA, a quasi-governmental entity, was held to violate public policy. An electric membership corporation, under the Georgia Electric Membership Corporation Act, is vested with the power to sue and to be sued (OCGA § 46-3-201 (a) (3)) and is provided with no express statutory immunity from liability for punitive damages. We find *MARTA v. Boswell*, supra, to be unique in application, and a necessary judicial departure from the will of the legislature. Substantial differences exist between the legal nature of appellant and MARTA, as well as substantial differences as to the nature of their services and to whom such services are provided. For example, it was testified that if appellant realized any profits at the end of its fiscal year, the profit would be "rebated to the 39 member systems." We decline to expand the holding in *MARTA v. Boswell* to appellant; judicial restraint in expanding the scope of *MARTA v. Boswell* has been cautioned (see dissenting opinion at 432-433). Sometimes, "but a very fine line separat[es]" legitimate judicial interpretation from unauthorized judicial legislation (*Mansfield v. Pannell*, 194 Ga. App. 549, 551 (390 SE2d 913)); we lack power to legislate. Likewise distinguishable is *Ga. Ports Auth. v. Hutchinson*, 209 Ga. App. 726, 730 (13) (434 SE2d 791) (1993) finding that, as the Georgia Ports

Authority is a governmental entity and arm of the State, an award of punitive damages against it would violate public policy.

Moreover, examination of the trial record reflects that this particular enumeration was not adequately raised before the trial court. Compare *Gully v. Glover*, supra.

6. Appellant's claim of reversible error due to appellee's alleged reading of the law in a civil case during closing argument and by presenting such law by means of excerpts on charts is without merit. See OCGA § 9-10-183. The trial court has discretion in the control of such matters; appellant has failed to show an abuse of that discretion.

7. There was no error in failing to give appellant's request to charge no. 4. It was not perfect, advanced two distinct legal theories, and had the potential to mislead and confuse the jury as to both legal theories sought to be charged. *Continental Research Corp. v. Reeves*, 204 Ga. App. 120 (3) (419 SE2d 48); compare OCGA § 51-12-50.

8. There was no error in failing to give appellant's request to charge no. 7. The substance of the requested charge was given by the trial court. *Mattox v. MARTA*, 200 Ga. App. 697, 699 (2) (409 SE2d 267). The last two sentences in the requested charge, which were omitted in the trial court's charge, were not legally perfect and had the potential to confuse the jury as to their proper application. *Reeves*, supra.

9. As no timely and adequate exception was taken to the giving of plaintiff's request to charge no. 14, the issue has not been preserved on appeal. *Rodriguez v. Davis*, 202 Ga. App. 550 (1) (415 SE2d 41).

10. Appellant's remaining enumerations of error are also without merit.

*Appeal dismissed in part; judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED AUGUST 23, 1993 —
RECONSIDERATION DENIED SEPTEMBER 17, 1993

*Thomas F. Choyce*, for appellant.
*Ogletree, Deakins, Nash, Smoak & Stewart, Michael L. Chapman*, for appellee.