A93A2559. ROSSEE OIL COMPANY, INC. v. BELLSOUTH
TELECOMMUNICATIONS, INC.
(441 SE2d 464)

McMURRAY, Presiding Judge.

Rossee Oil Company, Inc. ("Rossee") brought an action against BellSouth Telecommunications, Inc. ("BellSouth"), alleging that BellSouth entered its property without authority and buried telephone cable; that BellSouth's wilful and wanton trespass warrants exemplary damages and that BellSouth's bad faith authorizes attorney fees and expenses of litigation. BellSouth moved for summary judgment on Rossee's claims for punitive damages, attorney fees and expenses of litigation, arguing that Rossee is entitled to only such damages as would be authorized in a condemnation proceeding; that punitive damages and expenses of litigation are not authorized where a public service company encroaches upon land for the good of the public and that "no independent ground for punitive damages exists [because Rossee failed to] prove by clear and convincing evidence that [Bell-South's] actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences."

In support of BellSouth's motion for summary judgment, Mitchell J. Anderson deposed that he is the BellSouth engineer responsible for placement of telephone cable on Rossee's property and that he was "under the belief that the DOT right-of-way encompassed the property upon which [BellSouth's] cable was to be located . . ." because "the DOT representative informed me that there would be no conflicts at that location and that it would be fine for us to relocate there." In opposition, M. S. Rainey deposed that he is the president of Rossee; that BellSouth did not have permission to bury cable on Rossee's property; that he had no knowledge of BellSouth's activities on Rossee's property until at least eight days (April 19, 1991) after burial of the cable was complete; that Mitchell J. Anderson then assured him that the cable would be removed from Rossee's property

and that BellSouth failed to honor this assurance.[1]

The trial court granted BellSouth's motion for summary judgment with regard to punitive damages, attorney fees and expenses of litigation. This appeal followed. *Held*:

In *Oglethorpe Power Corp. v. Sheriff*, 210 Ga. App. 299 (436 SE2d 14), this Court affirmed that punitive damages are available in an action against a public utility corporation for intentional conversion and trespass to realty. Id. at 302 (5), supra, certiorari denied by the Supreme Court of the State of Georgia (Case No. S94C0046, decided December 3, 1993). We find no authority precluding such damages against a public service company such as BellSouth where there exists clear and convincing evidence from which a jury could find that BellSouth's actions in committing the intentional tort showed one or more of the criteria for the award of punitive damages as stated in OCGA § 51-12-5.1 (b), "particularly 'that entire want of care which would raise the presumption of conscious indifference to consequences.'" *Oglethorpe Power Corp. v. Sheriff*, 210 Ga. App. 299, 301 (4a), supra. In the case sub judice, Mitchell J. Anderson's explanation as to why he ordered the burial of cable over Rossee's property, i.e., because "the DOT representative informed me that there would be no conflicts at that location and that it would be fine for us to relocate there," does not negate genuine issues of material fact regarding BellSouth's entire want of care in securing actual authority for placement of cable over Rossee's property. See *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474). Consequently, the trial court erred in granting summary judgment in favor of BellSouth on Rossee's claim for punitive damages. The trial court also erred in granting summary judgment as to the issues of attorney fees and expenses of litigation. "'Questions of bad faith, stubborn litigiousness, and unnecessary expense, under OCGA § 13-6-11, are generally questions for the factfinder.' *Manderson & Assoc. v. Gore*, 193 Ga. App. 723, 735 (9) (389 SE2d 251). . . . Additionally, a legitimate award of damages for an intentional tort, such as trespass or intentional conversion, generally will support a claim for expenses under OCGA § 13-6-11 ' "under the theory that the intention evokes that 'bad faith' necessary for recovery under"' the statute. *Wisenbaker v. Warren*, 196 Ga. App. 551, 552 (2) (396 SE2d 528)." *Oglethorpe Power Corp. v. Sheriff*, 210 Ga. App. 299 (3), 300, supra.

---

[1] Based on an interrogatory response that a representative of Rossee visited the subject property "2-3 times each week [for a] general inspection" during the month BellSouth buried cable on Rossee's property (sometime between April 1 and 11, 1991), BellSouth states that M. S. Rainey knew that it was installing cable on Rossee's property at the time the cable was being planted. This conclusion is not supported by the above admission and is contradicted in the affidavit of M. S. Rainey.

*Judgment reversed. Johnson and Blackburn, JJ., concur.*

DECIDED FEBRUARY 14, 1994 —
RECONSIDERATION DENIED MARCH 1, 1994.

*Martin L. Fierman*, for appellant.
*Rhona E. Reynolds*, for appellee.