A94A1398. GIRONE et al. v. CITY OF WINDER.
(452 SE2d 794)

BEASLEY, Presiding Judge.

The Girones enumerate as error the trial court's grant of summary judgment to the City of Winder on their claims for personal injury and punitive damages.

Joseph and Grace Girone alleged that Grace Girone was injured when she slipped and fell during the cleanup of raw sewage discharged into their home from the City's sewer system; that the City's negligent maintenance caused several raw sewage spills onto their property; and that they are entitled to punitive damages because of an entire want of care giving rise to a presumption of conscious indifference to consequences. The City denied the material allegations and sought summary judgment, which was granted as to all but the property damage claim. The critical evidence, viewed most favorably to the Girones, is as follows.

In January 1988, raw sewage flowed onto the Girones' property from a manhole in their backyard. The City's sewer department was notified and it was determined that the unwholesome discharge was caused by natural obstructions (roots) in the City's sewer line. The sewer was not repaired.

A year and a half later, this overflow repeated, but again the defective sewer was not repaired despite notice. Less than two months later, raw sewage flooded the Girones' basement through a bathroom fixture. The sewer department was notified and a blockage which caused the putrid infestation was attributed to roots in the City's sewer main. No effective repair or replacement of the clogged sewer was made and, on July 4, 1991, raw sewage again flooded through a bathroom fixture. This time it covered the basement with six to eight inches of raw sewage. Repulsed by the odor and visage of the loathsome effluent, the Girones opened the basement doors and allowed the sludge to ooze out of the house and onto a concrete patio and grassy area in their backyard.

Nothing having been done by the City, the Girones called a cleaning service to sanitize the house. The next morning, the cleaning crew appeared and, as Grace Girone led the men to the basement via the sewage-covered patio, she slipped and fell and her hip bone shattered.

1. The undisputed facts do not conclusively show by plain, palpable and undisputed evidence that defendant was not at fault in proximately causing, either in whole or in part, the fall. *Wade v. Mitchell*, 206 Ga. App. 265, 268 (4) (424 SE2d 810) (1992).

In this case the defendant is a trespasser on plaintiffs' property, not a proprietor or owner of premises on which plaintiff was injured. The trespasser which allows its property to transgress onto another's property has a duty to remove it which would be greater in degree than the duty of a proprietor to remove a foreign object from let us say, its floor. The reason is that the former is a trespass (a completed tort in and of itself: OCGA § 51-9-1),[1] as well as a hazardous condition which creates the potential for the occurrence of another tort; the latter is merely a hazardous condition which may lead to a tort.[2] Both a trespasser and a landowner have a duty to remove a hazard, but the landowner has the option of merely warning instead. Warning by a trespasser does not relieve it of liability for what the *trespass* proximately causes.

Thus, this is not a failure to warn case, which is how the majority (including the writer hereof) wrongly analyzed the case in *Soto v. Roswell Townhomes,* 183 Ga. App. 286 (358 SE2d 670) (1987). When analysis proceeds along that line, the plaintiff will ordinarily lose because she knows of the condition and proceeds through it. This constitutes a failure to exercise reasonable due care for her own safety. There are exceptions, which the majority recognized in *Soto* in stating that the danger was obvious "and that appellant was not required to traverse the muddy areas of her property." Id. at 288.

The majority noted that one should compare *Grier v. Jeffco Mgmt. Co.*, 176 Ga. App. 158 (335 SE2d 408) (1985). The landlord in that case was not entitled to summary judgment, even though the tenant knew of the dangerous ice on the walkway outside her apartment, because there was evidence that the plaintiff was "required" to traverse it "in order to enter and leave her apartment." Id. at 160. It was a question of fact whether she exercised due care in choosing this

---

[1] See OCGA § 51-9-6; *Rossee Oil Co. v. BellSouth Telecommunications*, 212 Ga. App. 235 (441 SE2d 464) (1994).

[2] Failure to eliminate or remove is discussed in *Hardy v. Brooks*, 103 Ga. App. 124, 126 (2) (118 SE2d 492) (1961), although in that case the defendant driver, who was not a trespasser, hit a cow on the highway and had the option to remove *or* warn; in this trespass case, defendant would *not* fulfill its duty to plaintiff by warning her.

alternative to remaining homebound or whether in effect she was forced to choose it by defendant's inaction. Having recognized this exception, which had been established, the majority in *Soto* concluded that it was not such a case.

The dissenting judges distinguished *Soto* from those cases in which a plaintiff is injured on another's premises despite knowledge of the condition or hazard and a voluntary confrontation of it. They alluded to the fact that it was a trespass case, without calling it such, but applied the exception which is made to "superior knowledge" cases, i.e., that the defendant does not escape liability by the plaintiff's superior or equal knowledge of the hazard when there is evidence from which a jury could find that the plaintiff had no real alternative but to confront it. The jury could find that the voluntariness aspect of choosing a course of action involving a known danger is removed so that a plaintiff is not precluded from recovery by a failure to exercise due care.

Viewing *Soto* as a case involving a trespasser's failure to remove matter which created a danger (as well as an eyesore and an inconvenience), the question would have been whether, despite knowledge of the danger, plaintiff exercised due care in accepting defendant's invitation to take a step which could reasonably be believed would lead to alleviation of the longstanding trespass. The result in that case might have been different.

In this case it is clear. There is ample evidence of trespass and hazardous condition attributable to defendant's negligence (as well as to its failure to fulfill its obligatory public function) and the absence of any action on the Girones' part to warrant the hazard which erupted on their property.

2. Whether plaintiff exercised due care for her own safety in trying to perform the defendant's function herself due to its recalcitrance, is for the jury. The avoidance of the hazard is not so simple as not entering a proprietor's property, leaving it, or walking around the hazard. The policy behind the "superior knowledge" standard (i.e., to protect proprietors from liability in cases where invitees fail to exercise ordinary care for their own safety) is not achieved in cases where a trespasser creates a dangerous condition on the property of another. As demonstrated above, even in slip-and-fall cases on others' premises, the "superior knowledge" standard is inapplicable "where the plaintiff's awareness of the danger is counterbalanced by other factors militating against a finding of voluntariness. [See] *Hull v. Mass. Mut. Life Ins. Co.*, 142 Ga. App. 269 (235 SE2d 601) (1977), and *Phelps v. Consolidated Equities Corp.*, 133 Ga. App. 189, 193 (210 SE2d 337) (1974). . . . See also *Richardson v. Palmour Court Apts.*, 170 Ga. App. 204 (316 SE2d 770) (1984)." *Soto*, supra at 289 (dissent).

Thus, as to plaintiff's own duty of care, the case resembles those

cases in which a plaintiff is forced to tread on hazardous ground. See, e.g., *Hull*, supra. In the pivotal word used in that case, was it "necessary" for plaintiff to traverse the slippery slab? Although she knew of the hazard, her choice of confronting it rather than what she perceived as the greater hazard attendant to admitting strangers into her home when she was alone is not unreasonable as a matter of law. "[T]he doctrine of the assumption of the risk of danger applies only where the plaintiff, with a full appreciation of the danger involved *and without restriction from his freedom of choice either by the circumstances or by coercion*, deliberately chooses an obviously perilous course of conduct so that it can be said as a matter of law he has assumed all risk of injury. [Cit.]" (Emphasis supplied.) *Myers v. Boleman*, 151 Ga. App. 506, 509 (3) (260 SE2d 359) (1979). Whether there was another "safer alternative," as it was put in *Kitchens v. Winter Co. Builders*, 161 Ga. App. 701 (289 SE2d 807) (1982), is for jury determination, as the evidence does not show as a matter of law that her conduct "under the circumstances" did not meet " 'the standard of the reasonable [person].' " Id. at 702. The circumstances involved taking action to remove a trespass, a duty which the trespasser had failed to fulfill, not merely avoiding a hazardous condition on another's premises.

Moreover, even if she were negligent, and her negligence was a proximate cause of the injury, she is not precluded as a matter of law unless the defendant's negligence, if any, is a proximate contributing cause and is equal to or less than hers. OCGA § 51-11-7; *Union Camp Corp. v. Helmy*, 258 Ga. 263, 267 (367 SE2d 796) (1988).

The court erred in granting summary judgment to the City on the personal injury claim.

3. It was not error, however, to grant summary judgment as to the Girones' claim for punitive damages. *Hosp. Auth. of Clarke County v. Martin*, 210 Ga. App. 893, 894 (438 SE2d 103) (1993).

*Judgment affirmed in part and reversed in part. Pope, C. J., McMurray, P. J., Johnson, Blackburn, Smith and Ruffin, JJ., concur. Birdsong, P. J., and Andrews, J., dissent.*

BIRDSONG, Presiding Judge, dissenting.

I believe the law as set forth in *Soto v. Roswell Townhomes*, 183 Ga. App. 286 (358 SE2d 670) is correct and this court should adhere to the law as set forth therein. Notwithstanding how the offensive matter arrived at appellant's house, appellant had a duty under *Soto* to know the condition and not blindly try to walk through it.

I respectfully dissent. I am authorized to state that Judge Andrews joins this dissent.

ANDREWS, Judge, dissenting.

Contrary to the majority's analysis, *Soto v. Roswell Townhomes,* 183 Ga. App. 286 (358 SE2d 670) (1987), was not decided on the basis of the "equal or superior knowledge rule" frequently applied in premises liability cases. The holding in *Soto* was that " 'a finding is demanded that [appellant's] fall resulted from a defective and unsafe condition of the premises of which she was aware; and (she) is therefore barred from recovery by reason of her failure to exercise ordinary care for her own safety.' *Taylor v. Boyce,* 105 Ga. App. 434-435 (2) (124 SE2d 647) (1962). See also *Wade v. Roberts,* [118 Ga. App. 284, 287 (163 SE2d 343) (1968)]." *Soto,* supra at 288. In both the *Taylor* and *Wade* cases, cited in support of the holding in *Soto,* the plaintiffs were denied recovery on the basis of contributory negligence or assumption of the risk. Accordingly, *Soto* was decided on the basis of those traditional negligence principles and made no attempt to apply the "equal or superior knowledge rule" to "shield trespassers from negligence liability" as contended by the majority.

The present case is also one controlled by application of the same related negligence principles of contributory negligence and assumption of the risk applied in *Soto,* supra. Before applying these principles to the present facts, it is important to recognize that the case before this court is a personal injury case for damages suffered by Ms. Girone when she fell attempting to traverse a patio she knew to be slippery. The appalling trespass of raw sewage onto the Girones' property forms the basis for a separate claim for damages against the City and the egregious facts of that claim should not obscure the negligence analysis applicable to the present case. Regardless of the offensive nature of the slippery substance in which Ms. Girone fell; regardless of whether the City breached a duty to properly maintain the sewers or to remove the raw sewage, and regardless of the seriousness of the resulting injury, there can be no recovery for any negligence of the City unless it was a proximate cause of the injury to Ms. Girone. *Leonardson v. Ga. Power Co.,* 210 Ga. App. 574, 576-577 (436 SE2d 690) (1993).

The issue here is whether Ms. Girone was negligent in attempting to walk across an obviously slippery, sewage-covered concrete patio and, if so, whether her negligence in doing so was the sole proximate cause of her injuries, despite the existence of any concurring negligence on the part of the City.

The following principles apply. "As a matter of contributory negligence, it is the rule in this state that, if the plaintiff, in the exercise of ordinary care, could have avoided the accident, he is denied recovery. OCGA § 51-11-7; [cit.]" *Union Camp Corp. v. Helmy,* 258 Ga. 263, 267 (367 SE2d 796) (1988). The rationale in contributory negligence cases is that "the plaintiff's negligent actions or failure to use

ordinary care to avoid the defendant's negligence is regarded as the sole proximate cause of the injury even though such negligence may concur with the negligence of the defendant. *Wright v. The Concrete Co.*, 107 Ga. App. 190, 198 (129 SE2d 351) (1962)." *Leonardson*, supra at 576. However, under Georgia's comparative negligence rule, "if the plaintiff's negligence was less than the defendant's, the plaintiff is not denied recovery although his damages shall be diminished by the jury in proportion to the degree of fault attributable to him. [Cit.] Thus, a tort plaintiff cannot recover if his negligence is greater than or equal to the negligence of the defendant. OCGA § 51-11-7; [cit.]" *Union Camp Corp.*, supra at 267.

"The related but separate defense of assumption of the risk is applied where a plaintiff assumes the risk of a danger he knows and appreciates. Assumption of risk is a matter of knowledge of the danger and intelligent acquiescence in it, while lack of ordinary care for one's own safety, or contributory negligence, is a matter of some fault or departure from the standard of reasonable conduct. The two may coexist, or either may exist without the other. The difference is frequently one between risks which were in fact known to the plaintiff or so obvious that he must be taken to have known of them, and risks which he merely might have discovered by the exercise of ordinary care." (Citation and punctuation omitted.) *Leonardson*, supra at 576-577. "Assumption of the risk is a complete defense and arises when, even if defendant is negligent, plaintiff himself is negligent in such a way that his own negligence is the sole proximate cause. [Cits.]" *Menendez v. Jewett*, 196 Ga. App. 565, 566 (396 SE2d 294) (1990). "A person cannot undertake to do what obviously is a dangerous thing, even if he is directed by another, without assuming the risks incident thereto and without himself being guilty of such lack of due care for his own safety as to bar him from recovery." (Citations and punctuation omitted.) *Meriwether Mem. Hosp. Auth. v. Gresham*, 202 Ga. App. 535, 536 (414 SE2d 694) (1992). Of course, in electing to confront a known dangerous condition, the plaintiff's actions must be voluntary and not coerced by any compelling circumstances or emergency. See *Moore v. Svc. Merchandise Co.*, 200 Ga. App. 463, 464 (408 SE2d 480) (1991); compare *Kitchens v. Winter Co. Builders*, 161 Ga. App. 701, 702-703 (289 SE2d 807) (1982); *Hull v. Mass. Mut. Life Ins. Co.*, 142 Ga. App. 269 (235 SE2d 601) (1977).

Clearly, there is evidence that the City's negligence caused or contributed to the accumulation of slippery raw sewage in the Girones' basement and on the concrete patio adjacent to the outside door to the basement. In her deposition testimony and affidavit, Ms. Girone stated that she hired a cleaning service to clean and sanitize the basement and that when the cleaning crew arrived, she needed to show them where to clean up in the basement. She admitted that

when she approached the concrete slab to enter the basement through the outside door, she could see that the slab was covered with a layer of raw sewage and that it was "very slippery." She also stated that there was another entrance to the basement inside her house by which she could have avoided the slippery slab, but she chose not to use the inside entrance because she did not want to let the cleaning crew in her house when her husband was not home. There was no evidence that the presence of the cleaning crew itself posed a danger which foreclosed use of the alternative route.

The facts of this case are more closely aligned with the principle of assumption of the risk than with contributory negligence. This is not a case where the plaintiff was required by some compelling circumstances or emergency to traverse the slippery area. In fact, an alternative route to the basement was available. This is a clear case where the plaintiff is barred from recovery because she knowingly and voluntarily assumed the risk of injury by choosing to walk across the slippery patio. In other words, even if the City was also negligent, Ms. Girone's negligence exceeded that of the City and was such a preponderating cause of her injury that it severed any legal causal connection between the City's negligence and her injury, leaving Ms. Girone's negligence as the sole proximate cause of her own injury. This case is controlled by *Soto*, supra and other cases finding, as a matter of law, that the plaintiff assumed the risk of the injury complained of. *Leonardson*, supra; *Taylor v. Schander*, 207 Ga. App. 627 (428 SE2d 806) (1993); *Roberts v. Carter*, 214 Ga. App. 540 (448 SE2d 239) (1994).

I am authorized to state that Presiding Judge Birdsong joins in this dissent.

DECIDED DECEMBER 5, 1994 —
RECONSIDERATION DENIED DECEMBER 20, 1994 —

*Love & Willingham, Robert P. Monyak, Jane L. Sams,* for appellants.

*Dennis, Corry, Porter & Gray, R. Clay Porter, Craig P. Siegenthaler, Ronald G. Polly, Jr., D. Jeffrey Grate, Mary P. Vilmos,* for appellee.