## S95G0625. CITY OF WINDER v. GIRONE et al.

(462 SE2d 704)

BENHAM, Chief Justice.

We granted a writ of certiorari to the Court of Appeals to review its decision in *Girone v. City of Winder*, 215 Ga. App. 822 (452 SE2d 794) (1994). For the reasons which follow, we reverse that portion of the Court of Appeals' judgment which reversed the trial court's grant of summary judgment to the City of Winder on the Girones' personal injury action.

Mrs. Girone was injured while leading cleaning personnel to the basement of the Girones' home, which had been flooded with raw sewage that had overflowed from a city sewer line through a basement bathroom hook-up. In an effort to remove the effluent from their home, the Girones had opened the basement doors, thereby allowing the sewage to flow out over the Girones' concrete patio and onto a grassy area. In order to give the cleaning people access to the basement through an unlocked exterior door, Mrs. Girone traversed the patio which she knew to be slippery due to the presence of the sewage, and slipped and fell, breaking her hip. Claiming that the city was negligent in failing to maintain the sewer line and that the negligence proximately caused Mrs. Girone's injury, the Girones sought damages from the city. The trial court granted summary judgment to the city after finding that Mrs. Girone had failed to use ordinary care to avoid the consequences to herself caused by the city's negligence. See OCGA § 51-11-7. The Court of Appeals reversed, holding that the sewage constituted a trespass which the city, as trespasser, had a duty to remove, and that it remained for a factfinder to determine whether Mrs. Girone had exercised due care for her own safety when she attempted to perform the city's task of removing the trespassing effluent.

1. The Court of Appeals reached its conclusion by making a distinction between dangerous conditions created by means of a trespass upon the property of the person subsequently injured, and dangerous conditions created on the property of the defendant that result in injury to a person who comes upon the defendant's property. That distinction is without precedent, as "traditional negligence principles" have been applied to such situations in the past. See, e.g., *Fitzgerald v. Storer Cable Communications*, 213 Ga. App. 872, 873 (446 SE2d 755) (1994) (homeowner sought damages for personal injury suffered when he tripped over the cable wire extending from a utility pole to the plaintiff's house); *Soto v. Roswell Townhomes*, 183 Ga. App. 286 (358 SE2d 670) (1987) (homeowner sought damages for personal injury suffered when she slipped in mud that had oozed onto her property from a neighboring construction site). Traditional negligence principles provide that the creator of a potentially dangerous situa-

tion has a " 'duty to do something about it so as to prevent injury to others . . .' [cit.]," that is, the creator has a duty " 'to eliminate the danger *or* give warning to others of its presence' [cit.]," and the duty to warn of the danger is obviated by the open and obvious nature of the danger. (Emphasis supplied.) Id. at 287. In its *Girone* opinion, the Court of Appeals expunged the duty to warn as an alternative to the duty to eliminate the danger in cases where the danger was created by a transgression against the plaintiffs' property. See *Girone v. City of Winder*, supra, Division 1 and footnote 2. Thus, according to the Court of Appeals' opinion, the creator of a trespassing danger can fulfill his duty "to do something" about the danger created *only* by eliminating the danger. The Court of Appeals found authorization for this distinctive treatment in the fact that the completed tort of trespass had occurred. Id. While we agree that a trespass has taken place, we cannot agree that the presence of that fact heightens the trespasser's duty to prevent personal injury to the property owner who encounters the danger created on his property by the trespasser.

2. Even if we were to endorse the stringent duty placed by the Court of Appeals upon the creator of danger vis a vis a property owner when a trespass is involved, we could not embrace the Court of Appeals' holding that only the factfinder can determine whether Mrs. Girone exercised due care for her own safety. Even if a defendant is negligent, a determination that a plaintiff assumed the risk or failed to exercise ordinary care for her own safety bars recovery for the resulting injury suffered by the plaintiff (*Union Camp Corp. v. Helmy*, 258 Ga. 263, 267 (367 SE2d 796) (1988)), unless the injury was wilfully and wantonly inflicted. *Southland Butane Gas Co. v. Blackwell*, 211 Ga. 665 (88 SE2d 6) (1955).[1] A plaintiff is held accountable for the failure to exercise due care for personal safety when doing an obviously dangerous act, and that failure is regarded as the sole proximate cause of the injury. *Leonardson v. Ga. Power Co.*, 210 Ga. App. 574, 576 (436 SE2d 690) (1993). A property owner who comes upon a dangerous situation created by a trespasser on the property owner's property has the same duty to exercise due care for her personal safety as does a stranger who comes upon a dangerous situation created by another. In the case at bar, the evidence is undisputed that Mrs. Girone attempted to cross the sewage-covered patio with knowledge of the slippery nature of the effluent covering the patio. Contrary to the Court of Appeals' opinion, there is also evidence that the cleaners could have gained access to the basement without Mrs. Girone having to lead them across the slippery patio.[2] Since the

---

[1] There has been no assertion made in the case at bar that the city's actions were wilful and wanton.

[2] Mrs. Girone's deposition testimony that she would not have crossed the patio if she

presence of the sewage and the slippery condition it presented were known by Mrs. Girone and she was not required to traverse the concrete patio to get the cleaning crew to the basement,

"a finding is demanded that her fall resulted from a defective and unsafe condition of the premises of which she was aware; and she is therefore barred from recovery by reason of her failure to exercise ordinary care for her own safety." [Cit.]

*Soto v. Roswell Townhomes*, supra at 288.
*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 16, 1995.

*Mary Pappas, D. Jeffrey Grate, Dennis, Corry, Porter & Gray, R. Clay Porter, Frederick D. Evans III*, for appellant.
*Love & Willingham, Jane L. Sams, R. Page Powell, Robert P. Monyak, Craig P. Siegenthaler*, for appellees.

---

had known just how slippery it was infers that she would have followed another course of conduct had she been aware. She also testified that her husband would have had her go through the house (ostensibly to meet the cleaning crew at the unlocked basement door) had he realized how dangerous traversing the patio was. Mrs. Girone could have pointed out the unlocked basement door from the safety of a deck that overshadowed the concrete patio area.